Peck *v.* Acker.

---

PECK *vs.* ACKER.

A sheriff, sued for an act done by him in the execution of process is entitled to take upon himself the conduct of the defence and to retain such attorney as he sees fit, notwithstanding that he was indemnified by the party suing out the process.

IN this case, which is an action of *replevin* against the defendant as sheriff of the city and county of New-York, for taking

certain property on an execution issued in favor of *Gardner Gallup*, an application was made in behalf of the plaintiff in the execution, that he be permitted to defend the action by a certain law firm in the city of New-York as his attorneys, and that they be *substituted* as such attorneys for *N. B. Blunt*, Esq. who had been employed by the sheriff to conduct the defence of the suit, and had given notice of retainer to the plaintiff's attorney ; who, in consequence of having received such notice previous to the notice of retainer being served by Mr. Gallup's attorneys, refused to receive notice from them.  Mr. Gallup has fully indemnified the sheriff against all damages to which he may be put in consequence of the levy.

*By the Court*, NELSON, C. J.   We are inclined to think the sheriff should be allowed to retain the attorney.   Notwithstanding the indemnity, he is still interested in the management of the defence, both as to the amount in controversy and the time when it shall terminate.  A protracted litigation may increase the contingencies as to the ultimate sufficiency of the security, and an omission properly to defend may swell the recovery far beyond the amount contemplated when the surety was taken.   As a general rule the party to the record, and immediately liable for the result of the litigation, should control the attorney ; to create an exception, the circumstances should be very strong.   If the sheriff should conduct the defence improperly and by reason thereof a recovery be had against him, the indemnitor can avail himself of such improper conduct in the action against him.   Upon the whole, the sheriff should always be permitted in cases like this to take upon himself the conduct of the defence, and to retain such person as attorney as he sees fit.

Motion denied.