## HAMILTON S. PRESTON, RESPONDENT, v. ALONZO C. YATES AND THEODORE DISSELL, APPELLANTS.

*Bond to secure a sheriff — when the obligor is entitled to appoint an attorney to defend an action brought against the sheriff.*

The sheriff having levied upon certain property under an execution, and a claim being made thereto by a third person, the judgment-creditors, on the sheriff's demand, executed to him a bond of indemnity, which provided that, in case any suit should be brought against the sheriff, they should be notified and permitted to defend it. An action having been brought against the sheriff, he notified the indemnitors, who requested him to send the papers to a certain attorney and allow him to defend. This he did not do, but appeared by an attorney of his own selection, who informed defendants that there could be but one attorney, but that they might employ special counsel. The sheriff, having been unsuccessful, brought this action on the bond.

*Held,* that as the sheriff had not allowed defendants to appoint an attorney to conduct the action, he had failed to comply with the terms of the bond and could not recover thereon.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

The action was brought to recover on a bond of indemnity, executed by the defendants to the plaintiff, a sheriff. The bond recites a judgment and execution in favor of A. C. Yates & Co., the present defendants, against one Powell, and stated that certain goods which appeared to belong to Powell, and which had been levied upon under said judgment, were claimed by another person. It then contained an agreement to indemnify the sheriff, and also a clause as follows : " It being understood * * that in case any suit shall be brought therefor against said sheriff that said A. C. Yates & Co. shall be notified and permitted to defend the same."

An action was brought against the sheriff. He notified A. C. Yates & Co., the defendants above-named, and asked what they desired. They at once requested him to send the papers to certain attorneys named by them, and to permit these attorneys to defend. The sheriff did not do this, but retained an attorney of his own selection, who informed these defendants that they would be allowed to defend. Afterwards the attorney retained by the

sheriff informed these defendants that there could be but one attorney in the action, and that if they desired to engage special counsel he would confer with them. On this, these defendants notified the sheriff that if he desired to hold them liable on their bond, he must permit a substitution of the attorneys they had named; and that if he neglected to do this, they should consider themselves discharged from liability. No response was made. The sheriff defended by his own attorney and was unsuccessful. The complaint in the present action alleged a general agreement to indemnify, but did not allege the bond. The answer sets up the bond and the violation of its condition; and the bond was proved on the trial.

*Wm. C. Ruger*, for the appellants. A person executing any species of security, either as principal or surety, can stipulate that his liability upon the instrument shall depend upon the performance of conditions precedent to its accrual, and in such a case the liability is not complete until all the conditions precedent have been fulfilled, and such stipulations are sustained by the court. (De Colyar on Guaranties, 220; *Elworthy* v. *Maunder*, 2 Moore & Payne, 482; *Hemming* v. *Trenery*, 2 Cromp., Mees & Rosc., 385; *Thomas* v. *Hubbell*, 15 N. Y., 407; *Bridgeport Ins. Co.* v. *Wilson*, 34 id., 278, 281; *Birks* v. *Trippet*, 1 Saund., 32; see *Banks* v. *Thwaits*, 3 Leonard, 73; *Estrigge and Owle's Case*, id., 200; *Peck* v. *Metholed*, 3 Bulstrode; *Douglass* v. *Howland*, 24 Wend., 35; *Giles* v. *Crosby*, 5 Bosw., 389.) After notice the indemnitors were the real parties in interest, and entitled to conduct the defence. (*Beers* v. *Pinney*, 12 Wend., 309; MILLER, Justice, in *Howell* v. *Christy*, 3 Lans., 241.)

*C. H. Bell* and *Jonas M. Preston*, for the respondent.

LEARNED, P. J.:

The learned justice who tried the action properly held that the contract between the parties was embodied in the writing, executed by the defendants and delivered to the plaintiff. They must recover, if at all, on the bond. And the parties to the bond had a right to put into it such lawful conditions as they chose. They chose to make it one of the conditions that the present defendants

should be permitted to defend any action brought against the sheriff for his acts touching the levy, etc. Those words must have been intended to have some meaning. I think the meaning is well known. To defend a suit brought against another is to control the defence. And the first and important part of such control is the designation of the attorney. The person who does not designate and appoint the attorney cannot control his acts. And if he cannot control the attorney's acts he cannot control the defence. The privilege of employing special counsel, which was offered to the defendants, was valueless. The sheriff's attorney would not have been obliged to follow the advice of such counsel. If the language of the bond had been that, in case of a suit against the sheriff, the indemnitors might employ counsel and give advice, the plaintiff's position would be more tenable than it now is. I think, therefore, that the sheriff refused to permit these defendants to defend the action. He, therefore, broke the condition and cannot recover on the bond.

The case of *Peck* v. *Acker* (20 Wend., 605), cited by the plaintiff, does not apply. It does not appear that the bond in that case contained any such condition as that above set forth. The only point decided was that on special motion the court could not substitute for the attorney selected by the sheriff one named by the indemnitors. The bond in the present case may have been intended, by this express condition, to secure a right, which the indemnitors would not otherwise have had. It may have been injudicious for the sheriff to accept a bond with such a condition, especially if there were other bonds of indemnity given. But with this we have nothing to do. There are some other questions of importance which it is not necessary to examine. The judgment must be reversed, and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment reversed, and new trial granted, costs to abide event.