## BERRY *v.* SLOCOMB.

One who signed an appeal bond as surety for a third person, in consequence of an obligation contracted by defendant to save him harmless, may recover from the latter a fee paid by him to counsel to defend him in an action on the appeal bond; and where defendant was notified by the surety of the name of the counsel so employed by him, and no objection was made thereto, such silence will be an implied approval of his employment.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. G. B. Duncan, for the plaintiff. *L. Peirce*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. This suit is brought to recover an amount expended for fees to counsel, under the following circumstances. *Cox* desired to appeal from a judgment. *Berry* agreed to become his surety on the appeal bond; and as his inducement to do so, the defendant executed in *Berry's* favor a written obligation, by which she bound herself to save him harmless. *Berry* was sued upon the appeal bond, employed counsel to whom he paid the amount now claimed, and defended the suit successfully. When suit was brought against him, *Berry* transmitted a copy of the citation to *Mrs. Slocomb*, reminding her of her obligation indemnify to him, stating also that he had retained counsel, whose name he gave, and who would "cheerfully receive whatever aid or advice your [the defendant's] counsel may think proper to give him." It is quite clear that where one party thus agrees to hold another harmless, the latter may recover the costs and charges reasonably disbursed in consequence of a suit against him. See *Mott* v. *Hicks*, 1 Cowen, 538.

But the defendant urges that *Berry* could have called upon her to employ counsel to defend him, had he wished or intended that the counsel's fee should be paid by her; and that, upon her neglect or refusal so to do, that then only would she have been chargeable with the sum paid to counsel of his selection. We are inclined to concur with the district judge in the opinion that *Berry* had a right to employ competent counsel of his own selection, unless, at least, a tender of suitable counsel was made by the defendant, which was not done. However, it is not necessary to decide this point. *Berry* notified her that he

BERRY
v.
SLOCOMB.

had employed counsel, whom he named. Her silence was an implied appro- val. See *Hale v. Andrus,* 6 Cowen, 225. We think the defendant has nothing to complain of. The counsel employed must be considered competent, for he was successful. The compensation paid to him is admitted to be moderate. If the defendant had employed counsel herself, the result of the defence could not have been more satisfactory, and the expense, we must suppose, would not have been lighter.                     *Judgment affirmed.*