In the margin: IN THE MATTER OF O'FLAHERTY.

---

## A. T. STEWART & Co. *v.* W. M. and J. LAPSLEY et al.

A judgment creditor required the sheriff to execute a *fi. fa.* on certain property, and gave an indemnity bond in favor of the sheriff, in which they and their sureties bound themselves to save him harmless, defend all suits that might be brought against him, and pay all damages and judgments that the sheriff might be made liable for in consequence of the seizure

STEWART
*v.*
LAPSLEY.

and detention of the goods taken in execution. A person who claimed the property, sued the judgment creditors and the sheriff for damages on account of the seizure. The judgment creditors employed counsel to defend the suit. *Held:* The sheriff had a right to select his own counsel, and under the bond, the judgment creditors and the securities on the bond were liable for the payment of the fee.*

APPEAL from the Second District Court of New Orleans, *Lea, J. Hart* and *Reese,* for plaintiffs. *Grymes,* for defendant. By the court:

EUSTIS, C. J.    The plaintiffs were judgment creditors of the *Lapsleys,* and took out an execution and caused to be seized under it the stock in trade of the dry goods store kept by the defendants, at No. 13 Chartres street, in this city. On making the seizure, the sheriff was warned, by *N. E. Turner,* that the stock of goods was his property, and not that of the defendants, and that he would hold the sheriff responsible for all damages sustained by him in consequence of said seizure.

*Turner* alleged, that he had bought out the stock of the *Lapsleys,* and, it appears, was in possession of the store under the bill of sale, which he exhibited. The sheriff, however, went on with the seizure, and sold the goods under execution, at the instance and order of the plaintiffs. *Turner* sued the sheriff and the *Lapsleys* for damages, and recovered against them *in solido* a verdict of $12,000, on which judgment was rendered. As the plaintiffs were bound to indemnify the sheriff, in the same proceedings judgment was rendered in his favor against them for the amount. The parties cast appealed to this court, and on the appeal the judgment of the lower court was reversed, and judgment rendered in their favor. This court held the sale to *Turner* fraudulent; that the seizure of the goods in *Turner's* possession was not lawful, but that the sale being in fraud of creditors, the only damages the sheriff or the parties were liable for to him were nominal, and not to be heeded by the court.

The plaintiffs directed the sheriff to make the seizure of the goods, and it was maintained at their instance, and on their executing an indemnity bond in favor of the sheriff, in which they and their sureties bound themselves to save him harmless, and defend all suits that might be instituted against him, and pay all damages or judgments that the sheriff might be made liable for in consequence of the seizure and detention of the goods taken in execution.

On the termination of this litigation, the plaintiffs took a rule on the sheriff, to show cause why he should not pay over to them the amount of money in his hand, made under the execution out of the goods seized. The sheriff claims the right of deducting from the amount the cost incidental to the third opposition of *Turner* to the seizure under execution, and also the amount of a fee paid by him to his counsel for conducting his defence of the suit in which *Turner* obtained judgment against him and the plaintiffs.

The district judge disallowed both of these claims, on the proceeds of the sale, and the sheriff has appealed.

In relation to the item of costs of *Turner's* opposition, our impression is, that these costs being incurred by the seizure, and the plaintiffs being bound to save the appellant harmless from all costs and expenses, the plaintiffs are bound to pay them to the sheriff, and they can recover them from *Turner.* This relates to the taxable sheriff's costs; as to the clerk's costs, the sheriff can have no right to deduct them from the plaintiffs' money.

---

* See acts of 1853, p. 267.

In relation to the amount claimed for the fee, we observe that the bond, in general terms, provides to hold the sheriff harmless, and that no question is made, except as to the plaintiffs' liability to pay the appellant this sum, and as to its amount. The matters were investigated in the court below informally, on an answer to a rule to show cause, and no objection is taken to the form of the proceeding or the right of the appellant to deduct this amount, provided it should be due to him from the plaintiffs.

We understand the law to be, that where the obligor of an indemnity bond undertakes, generally, to save harmless from the consequences of a particular act, the bond is forfeited by the obligee being damnified, and that a debt consequently accrues upon that event.

*Mr. Grymes* was the counsel employed by the appellant, and the sum paid him for his services was one thousand dollars. The cause was twice tried before a jury; there was one mistrial, the jury not being able to agree. The cause was fully argued in this court. *Mr. Grymes* was the attorney on record for the appellant. It does not appear that there was any contract or understanding between the appellant and the plaintiffs concerning the management of the cause or the employment of counsel. The plaintiffs had their own attorneys, and, on the second trial, employed additional counsel, and paid him the sum of one thousand dollars. The case was one of unusual difficulty and notoriety. The trials before the juries lasted several days. *Mr. Grymes* argued the case on both occasions, and concluded the argument for the appellants in this court. The parties, sued by *Turner*, made common cause in the defence, and we think the evidence fully supports the reasonableness of this charge of one thousand dollars, according to the standard of fees received for professional services by counsel of eminence.

Had the appellant a right to engage counsel at the expense of *Stewart & Co. ?* We think he had. The case of *Peck* v. *Acker*, 20 Wendell Rep. 605, is conclusive as to that right. He was not bound to put his interests into the hands of the counsel selected by them. Indeed the record shows, that when the sheriff was sued, and called *Stewart & Co.* in warranty to defend the suit, their attorneys filed a plea that they were not bound in warranty to him, and prayed to be dismissed, &c. For his own interest he had a right to employ counsel, and having paid no more than a just compensation for services of the most efficient kind, the amount must be refunded to him by the party who stands bound to save him harmless. The expense of defending the suit of *Turner*, was certainly much greater than it might have been, but this is exclusively the affair of the plaintiffs, and the result of their choice. It is clear that the right of the appellant to be indemnified, or to be saved harmless, cannot be affected by this fact.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be reversed, and that the sheriff, *John L. Lewis*, defendant herein, have credit for the sum of $1000, paid his counsel, and for all the other costs and charges set forth in the account annexed to his answer, with the exception of the clerk's fees charged therein, as paid to *T. C. Poole*, amounting to $30 60, leaving a balance due by said defendant, in rule to the said plaintiffs, of $3125 17, instead of $3094 57, as shown by the said account. It is further ordered and decreed, that the plaintiffs and appellees pay costs in both courts.