L. B. Cousins, Sheriff, v. Paxton & Gallagher Company *et al.*, Appellants.

**Attachment:** INDEMNIFYING BOND: ATTORNEY'S FEES: RECOVERY OF. An indemnifying bond given the sheriff in an attachment suit pursuant to Code, sections 3906, 3991 and 3992, covers attorneys' fees which the sheriff is compelled to pay in defending a suit for conversion of the property levied upon, but the same cannot be recovered until actually paid by him.

*Appeal from Pottawattamie District Court.*—Hon. O. D. Wheeler, Judge.

Thursday, January 28, 1904.

The defendants Paxton & Gallagher sued out a writ of attachment against the property of their debtor, which was levied by the plaintiff upon a stock of goods. Thereafter a third person, E. Myers, served notice on him of the ownership of the goods levied upon, and Paxton & Gallagher thereupon furnished him an indemnifying bond according to the provisions of sections 3906, 3991, and 3992 of the Code. The plaintiff held the property for some time, but the action was finally dismissed by the defendants, and the levy released so far as their claim was concerned. Myers after-

wards began an action against the plaintiff sheriff and Paxton & Gallagher for the conversion of his property taken under the writ. The defendants were nonresidents of the state, and, as we understand the record, no service was made on them by Myers, but the plaintiff immediately notified them that he had been sued, and requested them to defend the suit, which they absolutely refused to do. He thereupon employed counsel to defend for him. After the case had gone over a term or two, Paxton & Gallagher were brought in. They had their own attorneys, who, with the attorneys employed by the plaintiff, tried the case for the defendants. The trial resulted in a judgment against the sheriff and Paxton & Gallagher, which, with the costs, was paid by Paxton & Gallagher. This suit was brought by the plaintiff to recover upon the bond the attorney's fees for which he became liable in defending that action. There was a trial to the court, and a judgment for the plaintiff. The defendants appeal.—*Reversed.*

*Rich & Clapp* and *Stillman & Price* for appellants.

*Mayne & Hazelton* for appellee.

SHERWIN, J.—The bond undertook to indemnify the plaintiff against all damages which he might sustain in consequence of the seizure or sale of the property levied upon. The defendants contend that attorney's fees actually paid by the sheriff in protecting his levy would not be recoverable on the bond; that the bond provides only for indemnity against damages actually paid; and that no action can be maintained thereon in this case, because the plaintiff has not paid the attorney's fees for which he sues. This is a statutory bond, and, in determining whether attorney's fees may be recovered thereunder, we must look to the purpose and scope of the statute providing therefor, as well as to the intention of the obligors in making it, construed in the light of the circumstances surrounding its execution, the situation and relations of the parties, and the object to be accomplished by it. When the sheriff receives notice from

a third party that he is the owner of the property which has been levied upon he is no longer bound to hold the property, unless an indemnifying bond is given as provided by law. Upon a failure to give such bond, the officer may release the property upon which he has levied, and by so doing escape all liability by reason of the levy. But after the bond has been given as provided by the statute, he is bound to hold the property and to protect the levy, and if he fails in this respect he does so at his peril. *Evans & Son v. Thurston,* 53 Iowa, 122; *Wadsworth v. Walliker,* 51 Iowa, 605. The purpose then, of the bond, is to compel the officer to do that which he would be under no obligations to do if it were not given him, and, by the very act of delivering the bond to him, the attachment creditors advise the officer that he must hold the property and protect the levy, and this with the knowledge that another than the attachment defendant has already taken the preliminary steps necessary to contest the right of the officer to hold the property. It is clear, then, that the purpose of the bond and the intention of the makers is to indemnify the officer against all damages which he may sustain in protecting the levy and the interest of the obligors in any and all litigation which may arise by reason of seizing and holding the property. The obligation of the bond is that it will indemnify against "all damages." This is broad language, and must be construed to include every element of damages which may fairly be said to have been contemplated by the parties. An officer can have no personal interest in litigating the right to property upon which he has levied, further than to protect himself and his bondsmen and to do his duty, hence the requirement of a bond; and if he is compelled to defend his action in a suit brought against him, and in so doing is compelled to employ counsel and to pay therefor, it is just as much a damage to him as is the payment of a judgment and costs, and we think as clearly contemplated and intended by the parties and by the statute, otherwise the officer, in doing no more than the law says he shall do in such circumstances, would be denied full indemnity.

To "indemnify" means to "secure against loss"; "to save harmless"; "to make good to"; "reimburse." 4 Century Dict. 3053. This precise question has not heretofore been determined by this court, and the adjudications thereon in other jurisdictions are somewhat conflicting; but we are satisfied that the better reason favors this rule, and that justice is more nearly attained thereby. In suport of our conclusions, see *Berry v. Slocomb,* 2 La. Ann. 993; *Meyer v. Blakemore,* 54 Miss. 570; *Kansas City Hotel Co. v. Sauer,* 65 Mo. 279; *French v. Parish,* 14 N. H. 496; *Anderson v. Washabaugh,* 43 Pa. 115; *Robinson v. Blakewell,* 25 Pa. 424.

The question whether an action can be maintained before the actual payment of counsel fees is settled adversely to the plaintiff in *Wilson v. Smith,* 23 Iowa, 252. In that case, however, it was claimed that payment of the judgment had been made by a note, and the question whether the note had been accepted as such payment was determined by the jury. But the rule there announced, that when the bond is conditioned to save the obligee from any damages action cannot be maintained before payment, is calculated to fully protect all parties, and is well sustained by both reason and authority. If the obligee of the bond has paid nothing, he had suffered no damage as a matter of fact; a mere liability to pay may ripen into an actual loss, but if it is never paid no damage results to the obligee by reason thereof, and in such circumstances the liability to pay constitutes no damages for which the indemnity was given. The law recognizes a well-defined difference between covenants of indemnity against loss, and covenants to assume or pay a liability. In the former class the covenant is not broken, and no right of action accrues, until a loss has been suffered against which the covenant runs, while in the latter class the covenant is broken, and a right of action accrues, whenever the liability is fixed and absolute. This distinction grows out of the express terms of the contract, and must be recognized, otherwise a new contract would be made for the parties, and their rights determined thereunder, instead of by the contract

which they made. *Oaks v. Scheifferly,* 74 Cal. 478 (16 Pac. Rep. 252); *Henderson A. L. Co. v. John Shillito Co.,* 64 Ohio St. 236 (60 N. E. Rep. 295, 83 Am. St. Rep. 745); *Bank v. Hastings,* 1 Doug. 225 (41 Am. Dec. 549); *Central Trust Co. v. Louisville Trust Co.,* 100 Fed. Rep. 545 (40 C. C. A. 530); *Wicker v. Hoppock,* 6 Wall. 94 (18 L. Ed. 752); *Frye v. Bath Gas & Electric Co.,* 97 Me. 241 (54 Atl. Rep. 395, 59 L. R. A. 444.) In this case the covenant was to pay damages sustained, and not liability incurred, and for this reason the judgment must be REVERSED.