James Constantine, Appellant, v. Evan Rowland, Lago-
marcino-Grupe Company, and The United States
Fidelity & Guaranty Company, Appellees.

**Attachment:** ATTORNEYS' FEES: DAMAGES: LIABILITY ON INDEMNIFYING
BOND. An attaching creditor can not recover attorneys' fees and
exemplary damages in a joint action against the principal and
surety on an indemnifying bond; and a motion to strike such
claims from the petition was properly sustained.

*Appeal from Johnson District Court.*—Hon. R. P.
Howell, Judge.

Wednesday, February 14, 1912.

Action on an indemnifying bond given under section
3992 of the Code. Upon motion of the defendants, the
trial court struck certain allegations of the petition relat-
ing to attorney's fees and exemplary damages. From this
ruling, the plaintiff has appealed.—*Affirmed.*

*W. J. Baldwin* and *A. E. Maine,* for appellant.

*Wade, Dutcher & Davis,* for appellees.

Evans, J.—The case was before us upon a former ap-
peal. 147 Iowa, 142. Reference is made to the opinion
on the former appeal for details of facts. The defendant
company was a creditor of Grames, and sued out a writ
of attachment against him. It caused the sheriff to levy
the attachment upon a stock of goods in the possession of
the plaintiff which had been recently sold by Grames to
the plaintiff. The plaintiff served a notice of ownership
upon the sheriff, and the defendant company, in response

to the demand of the sheriff, furnished an indemnifying bond under the provision of section 3992. Thereupon the plaintiff gave a delivery bond and obtained possession of the property. He also intervened in the attachment suit, claiming the property as his own, and prevailed. Thereupon he brought a joint action of tort against the sheriff and the attachment plaintiff for damages, actual and exemplary, for the wrongful levy upon his property. The case being brought to trial, and at the close of his evidence, the trial court dismissed the action as against the defendant sheriff. Thereupon the plaintiff asked leave to file an amended petition and to bring his action upon the indemnifying bond, which leave was given. Appropriate amendment was made, and a joint action was declared upon against the Lagomarcino-Grupe Company and the United States Fidelity Surety Company, being the principal and surety upon such bond, and a continuance was ordered, in order to enable proper service of notice to be made upon the defendant surety. Later a trial was had upon issues joined on such petition, and a verdict and judgment were rendered for the plaintiff. From that judgment an appeal was taken to this court, as already stated.

Upon that appeal we held: ' (1) That plaintiff could not, in an action on the indemnifying bond, recover his expense for attorney's fees; and (2) that he could not, in such action, recover exemplary damages. Both of these items had been claimed by the plaintiff in his petition, and were submitted to the jury by the trial court. The judgment was therefore reversed and remanded for a new trial. After remand, the case came up for retrial upon the same pleadings as before. The defendants moved to strike from the plaintiff's petition, as amended, the claims for attorney's fees and exemplary damages, and the motion was sustained. It is from such ruling that the appeal is now had.

The ruling complained of is in strict obedience to our

former holding. The argument of appellant is that he is not forbidden by our previous holding to claim attorney's fees and exemplary damages against the Lagomarcino-Grupe Company, because it was the attachment plaintiff, and was liable to this plaintiff, independent of the indemnifying bond. It is also argued that, at most, the petition only presented a misjoinder of causes; and that the same had been waived.

We can have no occasion to consider what rights the plaintiff might have against the Lagomarcino-Grupe Company as sole defendant, independent of the indemnifying bond. This action is on the bond, and that alone. It declares upon the joint liability of the two defendants. No theory of joint liability is possible, except that they are the signers of the bond. Neither is there anything in the allegations of the petition indicating a misjoinder of causes of action. The defendants could not therefore move for a separation on the ground of misjoinder. Appellant contends for his right to prove attorney's fees and exemplary damages against the Lagomarcino Company alone, and to prove his other compensatory damages as against both defendants. This is only claiming the right to make misjoinder by his evidence, without subjecting his pleadings to attack on that ground. If this could be done, there was no occasion for our reversal of the judgment as against the Lagomarcino Company.

It appears indirectly in the record that the Lagomarcino Company is an actual resident of Linn county. If this is so, it may furnish the reason why the plaintiff elected to sue upon the bond, rather than to sue the Lagomarcino Company as sole defendant, independent of the bond. His original case having been dismissed as to the defendant sheriff, the other defendant, as a resident of Linn county, would be entitled to dismissal also. By resorting to an action on the bond, plaintiff was able to save himself from such situation. If he can not maintain his

action in Johnson county against such company as sole defendant, it would be manifestly in contravention of the statute to permit him to obtain a judgment against such company alone for attorney's fees and exemplary damages, under · cover of a joint liability with its codefendant, on the bond for other and separate damages. Moreover, the codefendant is entitled, in its own interest, to have such objectionable items eliminated entirely from the consideration of the jury upon the trial of its liability.

The ruling of the trial court was right, and it is therefore *affirmed*.