Kinkead, J.
By request of counsel for defendant the demurrer to the fifth defense of the answer of the surety company is reconsidered.
The contention of counsel for defendant is that the demurrer to the fifth defense searches the record, and that therefore the petition should be found fatally defective for the reason that the judgment rendered against defendant in the case pleaded in the petition is not shown to have been satisfied; therefore plaintiff’s petition must fail.
It is alleged that in case No. 76,364 in this court, wherein Douglas et al, County Commissioners, were plaintiffs and Henderson, plaintiff herein, was defendant, a judgment for $6,916 was rendered against plaintiff.
*178 Nelson & Angelo made a contract with the board of county commissioners to complete a contract for construction of a ditch. Later this contract was surrendered, a new contract being made by Nelson, Angelo & Co. and Pear Nelson on March 2, 1916, whereby Pear Nelson assumed the ditch contract releasing plaintiff Plenderson therefrom. Nelson agreed to release Henderson from the obligations of the contract and to furnish a bond of indemnity against any and all liability thereunder.
Pursuant to this contract the defendant surety company executed a bond of indemnity reciting that Nelson was bound to Henderson for payment of $6,650, and obligating such surety company to.
“well and truly save harmless the said C. A. Henderson from any pecuniary loss resulting from the breach of fulfillment of the terms, covenants and conditions of the said contract on the part of the principal to be performed, etc.”
Pear Nelson, the principal in the bond, took over the contract for construction of the ditch, from Nelson, Angelo & Company.
The contract with the commissioners was made October 14, 1915. Plaintiff’s original connection with the matter was as surety to the commissioners on the bond of Nelson, Angelo which obligated Henderson to an indemnity to the county for $6,650.
When Nelson, Angelo & Company released the contract and Pear Nelson assumed its obligations,. the bond in question was executed by the surety company to indemnify Henderson against his original liability as surety on the Nelson & Angelo bond to the county commissioners of October 14, 1915.
In an action on the bond signed by Henderson the judgment for $6,916 was rendered against plaintiff as before stated. The petition avers that plaintiff is bound to pay the judgment, and that,
“the same being a lien upon all the real property of the plaintiff from the first day of April term of the said court. Neither of said defendants have paid said judgment or any part thereof, although demand has been made upon them so to do, and to *179 indemnify and save harmless the plaintiff from loss resulting from the breach and unfulfillment of the said contract of March 2, 1916. The said demand was made on the defendant, Southern Surety Company, in writing on July 11, 1916.”
Counsel for the surety company claims that Henderson must first pay the judgment of $6,916 before he can call upon the surety company to reimburse him. In other words it is claimed that the bond constitutes a.contract to
“indemnify and save harmless * * * from any pecuniary loss resulting from * * * breach of * * * covenants and conditions * * * of the contract, etc.”
The law clearly makes a distinction between a contract of indemnity against a liability, and a contract to indemnify or save harmless from damage or loss on account of a liability. Authorities fully sustain the view that the cause of action on an indemnity against a liability accrues and is complete when the liability is established, actual payment thereof or actual damage therefrom in such case not being essential.
On the other hand there are decisions which support the view, that the cause of action upon a contract to indemnify or save harmless from damage or loss does not accrue until actual damage or loss has been sustained. (See 22 Cye., 90, where the decisions are collected.)
This doctrine is well settled by Ohio decisions. In Henderson, etc., Co., v. Shillito Co., 64 O. S., 236, on p. 254, it is stated:
“There is an essential difference, in legal effect, between covenants of indemnity, strictly, that is, of indemnity against loss, and covenants to pay, or assume, or stand for, the debt, or of a surety’s liability thereon. A right of action accrues on those of the latter class as soon as the debt matures and is unpaid, because the liability then becomes absolute, and the failure to pay is a breach of the express terms of the covenant. While those of the former class are not broken, and no right of action accrues, until the indemnitee has suffered a loss against which the covenant runs. This distinction grows out of the express terms of the contract, and is well established by authority.” (Some eases are then reviewed.)
*180 Martin v. Bolenbaugh, 42 O. S., 508, is an instance where the condition of the obligation was that the surety was to pay to the sheriff, or cause to be paid, the full amount of any judgment and costs recovered against the sheriff. This was an explicit undertaking to pay a liability. It was held unnecessary either to aver or prove payment of the judgment by the obligee prior to bringing action.
Pratt v. Walworth, 15 C. C., 412, was a case where one party indemnified by contract against all liability on certain obligations. It was held that the indemnified party had a cause of action against the indemnitor when judgment was obtained. The opinion draws the distinction between the two classes of obligations.
In Cousins v. Paxton, etc., Co., 122 Iowa, 465, the holding of Henderson, etc., Co. v. Shillito Co., supra, was followed and its doctrine adopted and applied, the following being stated in the opinion •
4 4 If the obligee of the bond has paid nothing, he had suffered no damage as a matter of fact; a mere liability to pay may ripen into an actual loss, but if it is never paid no damage results to the obligee by reason thereof, and in such circumstances the liability to pay constitutes no damages for which the indemnity was givey. The law recognized a well-defined difference between covenants of indemnity against loss, and covenants to assume a liability. In the former class the covenant is not broken, and no right of action accrues, until a loss has been suffered against which the covenant runs, while in the latter class the covenant is broken, and a right of action accrues, whenever the liability is fixed and absolute. This distinction grows out of the express terms of the contract, and must be recognized, otherwise a new contract would be made for the parties, and their rights determined thereunder, instead of by the contract they made.” See also case in 122 Iowa, 656.
A valuable suggestion is made by the learned Roscoe Pound as judge in delivering the opinion in Northern Assurance Co. v. Borgelt, 67 Neb., 282 (1903), in which he stated the familiar doctrine that:
*181 "Courts now incline strongly to construe bonds as contracts of indemnity only, and will attach more importance to the general purpose of a bond, as shown by its provisions as a whole, and the interests of the parties in the subject-matter, than to the precise form of words employed.”
Having thus reviewed the material cases we now undertake to apply whatever wisdom or inspiration is to be derived therefrom to the problem of the present case. Often in law-class rooms and elsewhere we have stated that cases are tombstones pointing to the errors of men; that they are guide posts directing the way to avoid these errors. The adjudications sometimes are the receptacles of rules and doctrines which can be used and applied to guide counsel and court in the settlement of subsequent controversies; their rules should be adopted and followed; they also furnish thoughts and inspirations which aid in the solution of future similar problems.
In some eases presented to courts for adjudication, the parties may not have observed or noticed the guide post and hence may have committed the same error which is recorded in an adjudicated ease.
The eases dealing with this question have directed our attention to the two classes of contracts: (1) the indemnity against loss or to save harmless from pecuniary loss resulting from the breach or unfulfillment of the terms, covenants of a contract, such as the present obligation; and (2) an obligation to pay a liability.
The thought expressed in Cousins v. Paxton, etc., Co., supra, may also be of service in solving the present question. Henderson sustained a liability of a surety in the original bond. His obligation thereon may ripen into an actual loss, and it may not. If it is never paid he will suffer no loss or damage, hence he would in such case have no right to call upon the indemnitor to make good any loss.
The allegation in plaintiff’s petition that he is bound to pay the judgment, is a mere legal conclusion; it is not the statement of an ultimate operative fact. So the allegation that the judg *182 ment is “a lien upon all the real property of the plaintiff, etc.,” is also a statement of a conclusion of law.
The petition fails to state that plaintiff has or owns any real property; or if he does, its nature, extent, value or location is not disclosed. The court is not properly advised whether a judgment lien upon real property exists, whether if it does, it could be sold to satisfy plaintiff’s obligation to make good the judgment, and if so what plaintiff’s loss or damage would be. In any event it seems that there can be no certainty about the matter.
If plaintiff should have no property subject to execution; or if he should not have sufficient to fully pay the amount of the judgment, the extent of “any pecuniary loss resulting from the breach, etc.,” can not be determined.
To permit this action to proceed upon the present showing by plaintiff would therefore.be wholly improper.
The case comes within the class of indemnities forbidding plaintiff to recover upon the present petition. Whether plaintiff can so amend his petition as to show the extent, nature and value of his property as well as facts disclosing with definiteness the consequence of any lien upon plaintiff’s property so as to take the case out of the general rule, the court is unable to determine. It seems doubtful whether a petition can be made to cure the matter.
Leave to file an amended petition will not be granted except upon tender of an amended petition.
The demurrer, searching the record and reaching back to the plaintiff’s petition, the same is sustained for the reason that it does not state facts sufficient to constitute a cause of action.