No. 3639

Second Circuit

___

## AETNA CASUALTY & SURETY CO. v. PALMER

___

(November 18, 1931. Opinion and Decree.)
(December 9, 1931. Rehearing Refused.)

___

Wilkinson, Lewis, Wilkinson & Burford, of Shreveport, attorneys for plaintiff, appellant.

C. F. Currier, of Shreveport, attorney for defendant, appellee.

TALIAFERRO, J. In this suit the plaintiff seeks to recover of the defendant on a contract of indemnity. It appears that on a date mentioned the defendant induced the plaintiff to sign and execute a certain bond for another, and in consideration of the execution of this bond, plaintiff required the defendant to sign a contract of indemnity guaranteeing it against any loss, damage or expense resulting from the execution of the bond.

It further appears that said bond executed by plaintiff as surety thereon was given to guarantee that one Davidson would carry out the terms and provisions of a certain contract entered into with one Godwin for the drilling of an oil and gas well on certain properties in Union parish, Louisiana, and following the execution of said drilling contract and the bond on which plaintiff was surety, a suit was brought by said Godwin against the said Davidson and against the plaintiff herein, as surety on said bond, alleging that the said Davidson had defaulted in the performance of his contract and demanding of the said defendants judgment for $5,000, penal amount of said bond. After the filing of this suit in Union parish, the plaintiff herein, being the surety on said bond, notified the defendant herein and the said Davidson of the pendency of said suit and tendered to the defendant herein the defense thereof.

It is well to state in this connection that the said Davidson, co-defendant with this plaintiff in said suit, agreed to defend the suit in Union parish on certain conditions, and that the defendant in this suit, who was the indemnitor on Davidson's bond, carried the notification of the pendency of such suit received from plaintiff to his own attorneys, and arranged with them to defend the suit wherein the said Davidson and this plaintiff were co-defendants, and which representation by counsel was to include the defense of the suit on behalf of both defendants. Further, the record discloses that the law firm of Story & Phillips, being the counsel retained by this defendant, indemnitor on said bond, replied to plaintiff herein, accepting the tender of defense of the suit in Union parish on behalf of both the principal and the indemnitor, and agreed to defend the suit on certain conditions. The record further shows that on trial of the suit in Union parish, being defended by the firm of Story & Phillips for both the plaintiff herein and the said Davidson, there was judgment rendered against the co-defendants in the sum of $5,000, the penal sum specified in said bond, but all other demands were denied.

There was an appeal taken from the judgment of the trial court of Union parish to the Supreme Court of Louisiana and the judgment against plaintiff was reversed, Godwin v. Davidson, 163 La. 804, 112 South. 728. Plaintiff in the present suit brings its action to recover of the defendant the sum of $499.31, being the costs and expenses incurred by it in prosecuting such appeal in the Supreme Court of Louisiana, alleging that it was necessary that such costs and expenses be incurred, agreeably to the terms, provisions and conditions of the contract of indemnity heretofore mentioned.

On trial of this cause in the lower court the demand of plaintiff was rejected, except for the sum of $27.10, being the amount admitted to be due plaintiff. From such judgment this appeal is prosecuted by plaintiff.

There is no serious conflict in the evidence. A decision of the case hinges upon the construction and interpretation to be given the contract of indemnity.

Just here we think it well to state the exact terms of the contract of indemnity pertinent to the issues of the case, viz.:

"SECOND: That I will, at all times, save harmless and indemnify the said Surety and also any other Surety Company which the Surety may procure to act as Surety or Co-Surety on said bond or undertaking, hereby constituting and appointing the said Surety our agent for the purpose of procuring such suretyship, from and against any and all demands, liabilities, loss, costs, damage or expense of whatever nature or kind, including counsel fees, whether incurred under salary or retainer, which the said Surety shall or may, at any time, for any cause, incur, sustain or be put to for or by reason or in consequence of executing said bond or undertaking, and that we will pay over, reimburse and make good to the Surety, its successors and assigns, all sums and amounts of money which the Surety or its representatives shall pay or cause to be paid, or become liable to pay under said bond or undertaking, or as charges and expenses of whatever kind or nature, including counsel fees, by reason of the execution of said bond or undertaking, or in connection with any litigation, investigation or other matters connected therewith, such payment to be made to the Surety as soon as it shall have become liable therefor, whether it shall have paid out said sum or any part thereof or not."

"ELEVENTH: The surety may, at any

time, hereafter, take such steps as it may deem necessary or proper to obtain its release from any and all liability under the said bond or undertaking, or under any other instrument of writing within the meaning of section Seventh hereof, and secure and further indemnify itself against loss and all damages and expenses which the Surety may sustain or incur, or be put to in obtaining such release, or in further securing itself against loss, shall be borne and paid by the Indemnitor."

The questions now arise: What is a proper construction and interpretation of these pertinent clauses of the contract of indemnity, considered in the light of the testimony? Must the indemnitee wait until requested by the indemnitor to take steps in the defense of its rights when sued, or can the indemnitee act whenever it thinks necessary or proper in furtherance of what it considers to be its interests? Who is to be the judge of the existing necessity of action?

It appears that after rendition of judgment in the case in Union parish, counsel who defended that suit, Messrs. Story & Phillips, moved for and were granted an order of suspensive appeal to the Supreme Court. As the judgment was for a large money amount it was imperative that a suspensive appeal be perfected. It developed about this time that Davidson was insolvent and could not arrange for the appeal bond, and time was short within which to perfect the appeal. It was while matters thus rested that counsel, who had represented the co-defendants in that suit, got in touch with Messrs. Wilkinson, Lewis, Wilkinson & Burford, regular counsel of Aetna Casualty & Surety Company, and explained to them the situation, requesting that they have their client, the surety company, provide the appeal bond, which was done. From this time on it appears

that said regular counsel of the surety company identified themselves with the case, as attorneys of record, under instructions of their client. The case was argued in the Supreme Court by these attorneys and also by Messrs. Story & Phillips, attorneys of Palmer, and, as stated before, the judgment against Davidson and the surety company was reversed by the Supreme Court.

The services of Messrs. Story & Phillips, in the Union parish case, were rendered without cost to the surety company. In the letter to these attorneys from attorneys of the surety company, of June 1, 1925, the following significant clause appears, viz.:

"We understand that you will appear for the Aetna without cost to it and that you will actively defend this suit for the Aetna Casualty & Surety Company in all respects as if you were retained by it. As attorneys for the Aetna Casualty & Surety Company we agree with you that your defense of this suit for the Aetna Casualty & Surety Company shall be without prejudice to any of the rights of any of the parties concerned."

It is contended by defendant herein that the surety company waived its right to employ additional counsel by consenting that counsel of Davidson (and Palmer) look after the defense to the suit in Union parish. Such a waiver, if intended, should be in unequivocal terms in order to modify the stipulations in the contract of indemnity, for certainly the right to employ counsel of its choice was a very important one to indemnitee. However, be this as it may, the excerpt quoted from counsel's letter, above, makes it clear that none of the rights of any of the parties concerned were modified or affected by the arrange-

ment made to defend the Union parish suit.

Counsel of defendant contend that the employment of additional counsel by the surety company was unnecessary and unreasonable under the circumstances, and quote the following law of general application from 31 C. J., 437, viz.:

"Indemnitee cannot recover against the indemnitor for counsel fees or costs which have been unnecessarily and unreasonably incurred and voluntarily paid by him."

Can it be successfully contended that the counsel fee incurred by plaintiff as claimed was unnecessarily and unreasonably incurred? We do not think so.

We have not been cited to very much legal authority in briefs of counsel. However, we think ample authority is found for our conclusions in construing the terms of the contract of indemnity, in view of the circumstances confronting the plaintiff in this case, in the case of Stewart v. Lapsley, 7 La. Ann. 641, from which we quote as follows:

"Had the appellant a right to engage counsel at the expense of Stewart & Co.? We think he had. The case of Peck v. Acker, 20 Wend. [N. Y.] 605, is conclusive as to that right. He was not bound to put his interests into the hands of the counsel selected by them. Indeed the record shows, that when the sheriff was sued, and called Stewart & Co. in warranty to defend the suit, their attorneys filed a plea that they were not bound in warranty to him, and prayed to be dismissed, etc. For his own interest he had a right to employ counsel, and having paid no more than a just compensation for services of the most efficient kind, the amount must be refunded to him by the party who stands bound to save him harmless. The expense of defending the suit of Turner, was certainly much greater than it might have been, but this is exclusively the affair of the plaintiffs, and the result of their choice. It is clear that the right of the appellant to be indemnified, or to be saved harmless, cannot be affected by this fact."

And again in Kern v. Creditors, 49 La. Ann. 886, 22 So. 40, 43, as follows:

"An attentive consideration of the testimony has brought us to the conclusion that the fund was deposited as alleged for indemnity against possible loss.

"The obligation was to save plaintiffs in rule harmless. This, we think, included fees and costs. In Berry v. Slocomb, 2 La. Ann. 993, the obligation by defendant was to save the plaintiff harmless, as in the case here. The court held that the defendant owed the plaintiff the fee paid by him to counsel by whom the case was defended."

A full and careful consideration of the evidence in this case convinces us that the contract of indemnity relied upon by plaintiff gave to it the right to determine the necessity of directing its own attorneys to proceed to defend their interests in the case on appeal, and that such right was not waived by it.

We therefore find and hold that the plaintiff was within its rights in having counsel of its choice prosecute appeal from the judgment against it to the Supreme Court, and therefore should recover of the defendants the amounts incurred in that connection, which are shown to be reasonable.

The judgment appealed from is therefore amended by increasing the amount thereof to $499.31, with interest from March 16, 1926, and that defendant pay all costs of suit; and, as thus amended, said judgment is affirmed.