TUCKER, Judge.
This action stems from an incident which occurred on April 17, 1967. On that date, Letha Joiner Allen, purchased some fried chicken and french fries from a vending machine owned by the defendant, A.R.A. Service, Inc., a Louisiana Corporation, which was insured against public liability by the defendant, Royal Indemnity Company, hereinafter sometimes referred to as A.R.A. and Royal respectively, and located on the property owned by the defendants, Delta Match Corporation and Delta Match Corporation of Louisiana, hereinafter sometimes referred to as Delta, which were insured against public liability by the defendant, American Employers’ Insurance Company. Delta Match Corporation was the employer of the plaintiff at the time. The plaintiff ate the food two or three hours after the purchase, and within a matter of hours she became severely ill, later underwent surgery, and sustained an illness which prevented her from working for three months. She sued the defendants in solido, respectively contending that Delta’s negligence consisted of permitting the dispensing of poisonous food on its premises, and the negligence of A.R.A. in the preparation of toxic and contaminated food and placing it on the premises of Delta in a vending machine.
Plaintiff specifically couched her demands under the doctrine of res ipsa loqui-tur for the reason that the food she consumed, allegedly poisonous, was in the sole and exclusive control of A.R.A. and her employer, Delta.
All defendants filed responsive pleadings. Defendants, Delta and its insurer, filed a third party demand against the remaining two defendants, A.R.A. and its insurer, making a claim for full indemnity, as follows from Paragraph 5 of the third party petition:
“Third party plaintiffs as defendants in the principal demand have denied and continued to deny that they or any of them have any responsibility whatsoever to plaintiff in the principal demand; however, alternatively, and in the event third party plaintiffs or any of them should be held liable as defendants in the principal demand to plaintiff in the principal demand and for any amount or amounts whatsoever, third party plaintiffs then allege that the liability of them or any of them to plaintiff in the principal demand wóuld be necessarily based upon warranty or upon the doctrine of respondant superior or upon passive negligence, and any such liability of third party plaintiffs as defendants in the principal demand to plaintiff in the principal demand would be only vicarious liability and would be because of the primary negligence and the primary responsibility and the primary breach of warranty of Service; and accordingly third party plaintiffs and each and all of them who may be held liable to plaintiff in the principal demand have and would have and have had a right of full indemnity against Service (and its insurer, Royal) for the primary and active negligence and primary and active breach of warranty of Service, which said primary acts of negligence and primary acts of breach of warranty on the part of Service are assumed to be principally, but not exclusively, the particular acts of negligence and the acts of breach of warranty asserted against Service and stated in the petition of plaintiff in the principal demand, all of which allegations of plaintiff in principal demand directed against Service (and against Royal as the insurer of Service), are reiterated herein and made a part of this third party petition, alternatively, as aforesaid, as if set forth fully herein.”
The third party plaintiffs further averred and subsequently established without contradiction that prior to the filing of the pleadings herein, they had tendered the defense of plaintiff’s suit against them to the third party defendants herein (Tr. 68-70), and that this tender of defense had been rejected. Accordingly, third party *565 plaintiff sought full indemnity in the event that any of them should be cast in damages to plaintiff, and also for attorney fees incurred in defending the main demand.
Concurrently with the initial suit the original plaintiff, Letha Joiner Allen, had filed a workmen’s compensation suit in the Twenty-fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, entitled Letha Joiner Allen v. Delta Match Corporation of Louisiana and Argonaut-Southwest Insurance Company, their workmen’s compensation insurer, Docket No. 111-762.
Before any trial on the merits both suits of plaintiff against all defendants were compromised upon the payment of a sum of money to plaintiff by Royal, the insurer of Service. Both of plaintiff’s suits against all defendants were dismissed, leaving open for determination the third party demand. All claims for liability and indemnity, having been rendered moot by the compromise agreement, the sole matter remaining for decision by the court was the claim of third party plaintiffs against third party defendants for attorney fees in connection with the defense of the Delta and their insurer against the principal demand of plaintiff, Letha Joiner Allen. The case was tried ultimately on this restricted issue of attorney fees alone, and from the judgment of the lower court awarding third party plaintiffs $750.00 reasonable attorney fees as demanded and proved (Tr. 88-91), third party defendants appeal, alleging the following errors:
SPECIFICATION OF ALLEGED ERRORS
The Court below erred in returning judgment in the following particulars:
(a) Plaintiff must prove its case by a preponderance of evidence;
(b) Indemnity may not be awarded without support of liability on the part of in-demnitor ;
(c) Attorneys fees not granted absent a contract or statute;
(d) An indemnitor owes an indemnitee only those amounts on the main demand which were actually paid by the indemni-tee.
The sole remaining issue for determination is whether or not Royal, the insurer of A.R.A., which settled by compromise all of plaintiff’s demands, is liable to Delta for its expenses, now reduced to the attorney fees item of $750.00, in defending the main or principal demand, where the defendant third party plaintiff Delta alleges and contends any liability found against it would have been of a vicarious nature and only secondary to the primary liability of A.R.A., and in consequence of the alleged circumstances Delta at the outset had tendered its defense of plaintiff’s suit to A.R.A. and Royal without success or affirmative results.
The jurisprudence of this state very seldom allows attorney fees without a contract or a statutory provision therefor. Of course, there are some few exceptions, although the facts here do not justify a deviation from the general rule as we shall hereinafter discuss. See Loeblich v. Garnier, 113 So.2d 95 (La.App. 1st Cir. 1959). See also the line of decisions holding that the award of attorney fees, since punitive in character, should be on the basis of strict construction and application. Viator v. Haynesville Mercantile Co., 230 La. 132, 88 So.2d 1 (1956); and Hortman-Salmen Co., Inc. v. Continental Cas. Co., 170 La. 879, 129 So. 515 (1930).
Attorney fees are punitive in nature, and, unless contractually or statutorily fixed, are not allowed, except in rare instances such as would involve the use of an attorney’s services in procuring the dissolution of a conservatory writ wrongfully issued.
Delta urges that there was an implied warranty by A.R.A. that it would provide vending machines that contained food fit *566 for human consumption; that the parties here are controlled by the allegations and judicial admissions, and that the record reveals amply that Delta had utterly no control over any of the process by which the food was prepared, delivered and placed into the machines; that Delta merely furnished locations on its premises for situating the machines. The relationship was compared to that of a manufacturer (A.R. A.) to a retailer (Delta). With the existence of the implied warranty, Delta argued that an implied indemnity arose, which superimposed upon Royal the duty to defray Delta’s attorney fees in defending the main demand. Delta is convinced any negligence on which liability could have been found against it was of a technical, constructive or passive variety, and the primary or active negligence of A.R.A. has been sufficiently established by the pleadings, the record of the pre-trial conference, and the admissions to support the judgment of the trial court in awarding attorney fees.
The Louisiana jurisprudence invariably does not permit an exception to the general rule where there is no written contract of indemnity unless there is proof that the negligence resulting in liability of a co-defendant or a co-tortfeasor is technical, constructive, passive, and, therefore, secondary to the primary negligence of another co-tortfeasor. The facts in the instant case do not warrant a departure from the general rule on this score. The only method by which a different conclusion could be reached would involve the resort to surmise and supposition.
Counsel for both sides have cited the case of Appalachian Corp. v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539 (1922) as authority for their respective positions. The cited case involves facts inap-posite to those here. A night watchman had filed suit against the owner of a warehouse building which had acquired ownership two days previously to an accident when an interior heavy iron door had fallen and seriously injured the watchman. The vendor, Brooklyn Cooperage Co. was in possession of the building when the accident occurred. The suit went to judgment, and the watchman recovered damages for his injuries. The suit of Appalachian against Brooklyn sought the recovery of the principal, interest and cost of the judgment in favor of the watchman on the basis that Appalachian’s liability was only technical in nature and the primary responsibility for maintaining the premises in a safe condition still rested upon Brook-lynt which continued in possession until the accident occurred. An exception of no cause of action, under the particular circumstances, maintained by the trial court, was overruled by the appellate court, and the judgment was annulled and reversed, and the case was remanded to the trial court. A cursory reading of the opinion in the cited case shows its complete diversity with the facts extant here. In this case as stated before the record does not disclose any means by which we can make a judicial determination with reference to the degree of negligence as between the parties, and, finally, whether or not A.R.A. was primarily liable and Delta only technically and secondarily liable.
The mere fact that the parties apparently agree Royal settled and compromised both the tort and workmen’s compensation suits of Letha Joiner Allen lends no aid to Delta or its insurer in its claim for attorney fees on its unsupported allegations that Royal liability was in the primary category. A compromise settlement agreement or release is generally not admissible in evidence to prove anything other than its genuineness, and that it was not obtained through fraud or error of fact. In any event the record does not contain any document with reference to the compromise settlement.
The case of B. & G. Electric Co. v. G. E. Bass & Co., 252 F.2d 698 (5th Cir., 1958) involved an indemnity contract, containing a clause whereby the subcontractor agreed to reimburse Bass, the prime contractor, “any expense” with the court hold *567 ing that any expense embraced attorney fees under the indemnity provision. Most of the cases cited as supporting the imposition of attorney fees involve written contracts of indemnity, including Berry v. Slomb, 2 La.Ann. 993 (1847); A. T. Stewart & Co. v. Lapsley, 7 La.Ann. 641 (1852); and Succession of Caldwell, 8 La.Ann. 42 (1853). In the case of Salt Dome Production Co. v. Maryland Cas. Co., 368 F.2d 322 (C.C.A. 5th 1966) the appellate court affirmed a decision of the trial court, awarding attorney’s fees of $1,000.00, where the facts showed that Travelers Insurance Company was arbitrary in its refusal to reimburse Maryland Casualty Company the sum of $6,195.86 which Maryland had paid in workmen’s compensation and medical expenses, and which sum had been claimed by way of intervention in the suit originally filed by Anthony Muscarel-lo, against Salt Dome Production Company, and its liability insurer, Travelers Insurance Company. In that case Maryland’s right to indemnification against Travelers was clear, and though the award of attorney fees was stated to be couched under the equity powers of the court, the rationale of the decision insofar as allowing attorney fees involved a finding by the court that the refusal to indemnify was arbitrary. In Travelers Insurance Co. v. Busy Electric Co., 294 F.2d 139 (C.C.A. 5th 1961) the court followed the principles laid down in Appalachian supra, and Marquette Cas. Co. v. Brown, 235 La. 245, 103 So.2d 269 (1958) wherein it is stated that the Louisiana law recognizes the substantive right of indemnity among those who may be characterized as joint tort-feasors at least in the sense that action by each has constituted a breach of some legal duty resulting in harm. Stated tersely the general rule will not be followed and indemnity will arise in favor of the joint tort-feasor whose fault is only technical or constructive, and he, who is secondarily liable, will be allowed to recover from the other joint tort-feasor who was actually at fault, and, therefore, primarily responsible for the act which caused the damage.
We find that the trial court erroneously held that there was a legal basis for a departure from the general rule under the law of Louisiana that, in the absence of a contract or statute, indemnification does not arise, and we hold that the attorney fees are not recoverable under the evidence before us.
The judgment of the lower court will be reversed and plaintiffs-appellees are cast with all costs.
Reversed.