[No. 11458. In Bank. — December 31, 1887.]

# W. J. OAKS, RESPONDENT, v. J. J. SCHEIFFERLY ET AL. J. J. SCHEIFFERLY, APPELLANT.

BOND OF INDEMNITY — CAUSE OF ACTION WHEN ACCRUES — SHERIFF — EXECUTION — DAMAGES. — A cause of action in favor of a sheriff for the breach of a covenant in a bond of indemnity to save him harmless from "all damages, expenses, costs, and charges," which he might sustain by reason of the sale or retention of certain property taken under an execution, does not accrue until the sheriff has been compelled to pay and has paid such damages.

ID. — SURETIES — DISCHARGE FROM LIABILITY — PAYMENT OF PROCEEDS OF EXECUTION SALE. — The sureties on a bond given by an execution creditor, to indemnify a sheriff for any damage sustained by him by reason of his enforcing the execution against property claimed by a third person, are not discharged from liability thereon by reason of the fact that the sheriff wrongfully paid the proceeds arising from the execution sale to the execution creditor, instead of to the person claiming the property.

ID. — EXTENSION OF TIME TO EXECUTION CREDITOR — APPEAL BY SHERIFF — STAY BOND. — A sheriff by appealing from a judgment rendered against him for the conversion of property wrongfully taken under execution, and by giving a stay bond pending the appeal, does not grant such an extension to an execution creditor who has given a bond to indemnify the sheriff from all damages sustained by him by reason of his enforcing the execution as to discharge the sureties on the bond.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion of the court.

*V. A. Gregg*, and *F. Adams*, for Appellant.

*McD. R. Venable*, and *J. M. Wilcoxon*, for Respondent.

SHARPSTEIN, J. — Preston recovered a judgment against Jones, and caused an execution to issue thereon. The writ was placed in the hands of the respondent herein, who was, at that time, sheriff of San Luis Obispo County. He levied on wheat and barley which one Meherin claimed and demanded as his property. Thereupon Preston as principal, Scheifferly and Payne as sureties, executed a bond in the sum of seven hundred

dollars, which, after reciting the above facts, and that Preston, notwithstanding the claim and demand of Meherin to have the property delivered to him, insisted on the retention of the property by the sheriff under said levy, concludes as follows:—

" Now, therefore, the condition of this obligation is such that if the said R. M. Preston, J. J. Scheifferly, and George M. Payne, their heirs, executors, and administrators, shall well, truly indemnify and save harmless the said sheriff, his heirs, executors, administrators, and assigns, of and from all damages, expenses, costs, and charges, and against all loss and liability which he, the said sheriff, his heirs, executors, administrators, or assigns, shall sustain or in any way be put to, for or by reason of the levy, taking, sale, or retention by the said sheriff in his custody under said execution, of the said property claimed as aforesaid, then the above obligation to be void; otherwise, to remain in full force and virtue."

The respondent then proceeded under the execution and levy and sold the property as the law directs, and paid the proceeds of the sale to Preston.  Meherin sued respondent for the value of the property, and on the eighteenth day of December, 1880, recovered judgment therefor.  Respondent appealed from that judgment to this court, which, on the 25th of May, 1885, affirmed the judgment. (*Meherin* v. *Oaks,* 67 Cal. 57.)  The respondent paid the judgment, and on the 4th of September, 1885, commenced this action.  These facts appearing upon the face of the complaint, appellants demurred thereto, on the grounds that the same did not state facts sufficient to constitute a cause of action, and that plaintiff's action was commenced more than four years after his cause of action accrued, and his cause of action is barred in virtue of the statute of limitations, by provisions of sections 312 and 337 of the Code of Civil Procedure of California.

The demurrer was overruled, and defendant Scheifferly

answered, and pleaded among other things the bar of the statute of limitations.

Appellant insists that the court erred in overruling his demurrer, because it plainly appears on the face of the complaint that the cause of action accrued more than four years before the action was commenced. He contends that the cause of action accrued on the eighteenth day of December, 1880, when Meherin recovered his judgment against respondent. This action was commenced September 4, 1885, within a few months after the judgment in *Meherin* v. *Oaks* had been affirmed and paid. A cause of action accrued on a breach of any of the covenants of the bond, and not before the breach of some of them.

This action is clearly founded on the breach of the covenant to "indemnify and save harmless the said sheriff, his executors, administrators, and assigns, of and from all damages, expenses, costs, and charges . . . . . which he, the said sheriff, his heirs, . . . . shall sustain, or in any wise be put to, for or by reason of the levy, taking, sale, or retention by the said sheriff in his custody under execution of the said property claimed as aforesaid," i. e., by Meherin. There is a further covenant to indemnify and save the said sheriff, etc., harmless "against all loss and liability" by reason of the levy. But this action, as we construe the complaint, is not based upon an alleged breach of that clause, although it states facts which show a breach of that as well as of the other. It states facts which show a breach of the covenant to indemnify and save *harmless from all damages, expenses, costs, and charges,* and it is well settled that a cause of action would not accrue for a breach of that covenant until the obligee had been compelled to pay and had paid damages. (*Lott* v. *Mitchell,* 22 Cal. 24.)

*McBeth* v. *McIntyre,* 57 Cal. 48, holds that a cause of action for a breach of the covenant to indemnity, etc., against *liability* would accrue as soon as a judgment was

recovered against the officer for the property levied on, because the indemnity given *was not only against actual damage, etc., but also against "all liability therefor."*

In that case, a judgment had been recovered against. the obligee of the bond, which he had not paid before bringing of his action; and the defendants insisted that the action could not be maintained until the judgment. was paid. But there is not even an intimation in the opinion that a cause of action on the indemnity against. *damages* would not arise for the first time when the judg-. ment was paid.

This action is for the recovery of *actual* damages, and. could not be maintained if nothing had been paid. As. the complaint shows the payment was made within four years before the commencement of the action, it is not barred by the statute of limitations, and the demurrer· was properly overruled.

In addition to his plea of the statute of limitations,. the defendant pleaded that Meherin had no interest in the property levied on except by chattel mortgage,. which the court found to be true. The proceeds of the sale were paid by respondent to Preston. Appellant in-. sists that the proceeds should have been paid to the mortgagee, and that respondent misappropriated the fund arising from the sale. We think the sole object of· giving a bond of indemnity was to have the claim of· Meherin wholly disregarded. Of that, Meherin was the only person who could complain; and he seems to have· taken good care of his interests in the premises. The· point that respondent, by appealing from the judgment. recovered against him, and executing a stay bond,. granted an extension to Preston, principal obligee of the indemnity bond, does not impress us favorably.

The record discloses no material error.

Judgment affirmed.

SEARLS, C. J., McKINSTRY, J., TEMPLE, J., and THORN-TON, J., concurred.