[Civ. No. 2899.   First Appellate District, Division Two.—August 21, 1919.]

ALICE M. McCLENDON, Admx., etc., Respondent, v. S. L. HEISINGER et al., Appellants.

[1] GUARANTY — ACTION UPON BY PAYEE OF NOTE — ORAL AGREEMENT WITH GUARANTORS TO STAND PRO RATA—EVIDENCE OF INADMISSIBLE.—In an action by the payee of a promissory note on a contract of guaranty, the maker of the note having defaulted in the payment thereof, testimony whereby the defendants attempt to prove an oral agreement between plaintiff and themselves that the former would stand his *pro rata* share of any loss suffered by reason of· said guaranty is inadmissible where such contract of guaranty sued upon is in writing, is complete in itself, and, therefore, superseded all negotiations or conversations which preceded or accompanied its execution.

[2] ID.—ORAL AGREEMENT MADE WITHOUT INTENTION OF FULFILLMENT—FRAUD—PLEADING—PROOF.—A contention by such defendants that plaintiff is estopped from enforcing his contract of guaranty because of the oral agreement which they claim he entered into, that if he made such oral agreement without the intention of fulfilling it, this constituted fraud in the procurement of the contract of guaranty, which would preclude its enforcement, is without merit where fraud is not pleaded. Fraud as a defense must be pleaded and proved.

[3] ID.—CONTRACT TO ANSWER FOR DEBT OF ANOTHER — WHEN NOT ENFORCEABLE.—A collateral agreement between the payee and the

---

2. Fraud as defense in action on guaranty, note, **Ann. Cas.** 1916A, 501.

guarantors of a promissory note, executed as a part of the consideration for the contract of guaranty, whereby the payee agrees to stand his *pro rata* share of any loss suffered by reason of said guaranty, is but a contract of guaranty of the debt of another, which is not enforceable unless in writing.

[4] Id.—Agreement to Stand Pro Rata of Loss—Not Ground of Counterclaim—Payment Necessary.—In an action by the payee of a promissory note on a contract of guaranty, the maker of the note having defaulted in the payment thereof, an agreement between such payee and the guarantors whereby the former agreed to stand his *pro rata* share of any loss that might be occasioned said defendants by reason of their becoming the guarantors of said note would not constitute a counterclaim against plaintiff's cause of action. No loss would be occasioned to defendants within the meaning of such an agreement until actual payment was made by them. Even recovery of judgment against them would not give rise to a matured right of action in their favor against the plaintiff based on such agreement.

[5] Id.—Consent to Transfer Assets of Maker—Guarantors not Exonerated.—Where such promissory note was unsecured, the consent of plaintiff, payee thereof, as a director of the corporation maker of the note, to the transfer of the assets of said corporation for the benefit of creditors, would not constitute an act impairing or suspending the remedies or rights of plaintiff against the corporation, and, therefore, would not exonerate the guarantors thereon.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

Everts & Ewing, M. G. Gallagher, Lafayette J. Smallpage and Walter E. Hettman for Appellants.

Byron F. Stone, Jr., and Richard C. Harrison for Respondent.

HAVEN, J.—Action on a contract of guaranty. Plaintiff and defendants were the directors of the California Rochdale Company, a corporation. Defendants guaranteed the payment to plaintiff of a promissory note of said company in the sum of five thousand dollars, which amount was subsequently reduced by payments made thereon to $4,132.20, the amount sued for herein. The contract of

guaranty was written on the back of the note, and was signed by the five defendants contemporaneously with the execution of the note. After the maturity of the note the California Rochdale Company transferred all of its assets to a trustee for the benefit of its creditors. Subsequently a settlement was effected with some of the creditors, leaving the corporation indebted to the plaintiff and to certain other creditors. Thereafter, with the consent of the corporation and of such remaining creditors, and with the consent of the defendant Heisinger, said trustee transferred the assets then remaining in his hands to a committee of three, consisting of the plaintiff, the defendant Heisinger, and the defendant Bennett, which transfer was found to have been made in trust for the benefit of such remaining creditors. The trial court rendered judgment in favor of plaintiff and against defendants, all of the defendants having defaulted except Heisinger and Bice, from which judgment the nondefaulting defendants prosecute this appeal. The defenses of each of the defendants were: First, that he had signed the contract of guaranty in reliance upon a prior agreement of plaintiff to the effect that if the five defendants would sign the same, plaintiff would stand his *pro rata* share of any loss that might be occasioned to them by reason thereof; second, that, without the consent of the guarantors, plaintiff had released the maker of the note from all liability thereon; and, third, that, after the execution of the contract of guaranty, the California Rochdale Company, with the consent of the plaintiff, but without the consent of the guarantors, transferred all of its assets to one Smith as trustee for the benefit of its creditors, and that thereafter the plaintiff, without the consent or knowledge of the guarantors, executed a waiver in writing of all his rights as holder of the note to participate in the assets of said corporation. [1] At the close of the trial the court granted plaintiff's motion to strike out the testimony of certain witnesses by which defendants attempted to prove an oral agreement between plaintiff and defendants that plaintiff would stand his *pro rata* share of any loss that might be suffered by them by reason of said guaranty, hereinabove referred to in the first defense; and in accordance with the remaining evidence found that no such agreement had been made.

We cannot agree with appellants' contention that this ruling was erroneous. If there was any conversation regarding such an agreement, it was inadmissible, as the contract sued upon was in writing, was complete in itself, and superseded all negotiations or conversations which preceded or accompanied its execution. [2] Appellants do not attempt to dispute the well-established rule that parol evidence is inadmissible to vary the terms of a written instrument. They argue, however, that plaintiff is estopped from enforcing his contract of guaranty because of the oral agreement which they claim he entered into; that if he made such oral agreement without intention of fulfilling it, it constituted fraud in the procurement of the contract of guaranty, which would preclude its enforcement. There is no merit in this contention. Fraud as a defense must be pleaded and proved. This defendants have not done.

[3] Appellants further claim that the introduction of parol testimony to establish this oral agreement was not an attempt to vary the terms of a written contract, but that it evidenced another collateral agreement, which constituted a part of the consideration for the execution of the contract of guaranty. If such an agreement were made, it would have amounted to nothing more than a contract of guaranty of the debt of another, which would not have been enforceable unless in writing. The cases cited by appellants do not bear out their contention in this regard. [4] Nor would such an agreement constitute a counterclaim against plaintiff's cause of action, as claimed by appellants, for the reason that the agreement pleaded and attempted to be proved was to ''stand his *pro rata* share of any loss that might be occasioned said defendant by reason of his becoming the guarantor of said note.'' The record contains no allegation nor proof that appellants have as yet suffered any loss by reason of their guaranty. They had, therefore, no ''existing'' cause of action against plaintiff under such alleged agreement, as is required by section 438 of the Code of Civil Procedure. A cause of action upon contract is not ''existing'' within the meaning of the above section until a liability upon such contract has matured. (*Provident Mutual Building-Loan Assn.* v. *Davis,* 143 Cal. 253, 255, [76 Pac. 1034].) No loss would be occasioned to defendants within the meaning of the alleged agreement until

actual payment was made by them. Even recovery of judgment against them would not have given rise to a matured right of action in their favor against the plaintiff. (*Oaks v. Scheifferly*, 74 Cal. 478, [16 Pac. 252].)

[5]   The trial court found that "the plaintiff did not at any time . . . release the California Rochdale Company from liability on the note referred to in said complaint or from any part of its liability on said note." Appellants' contention that plaintiff released the corporation "or its representative Smith" from its obligation upon the note is unwarranted. Smith was the trustee for the creditors. The California Rochdale Company passed a resolution authorizing and directing defendant Heisinger, president of the corporation, upon acceptance of a certain compromise settlement by a majority in number and amount of its merchandise creditors, to deliver to said Smith a copy of said resolution, "which is hereby constituted an authority and instruction to H. L. Smith to retransfer to F. A. Bennett, S. L. Heisinger, and W. J. McClendon, or their nominees, all of the assets heretofore transferred to him by the California Rochdale Company." Plaintiff and Heisinger, as creditors of said corporation, each executed a release to Smith for all claims and demands which he "has or may have against said H. L. Smith on account of the aforesaid transfer of assets, and does hereby consent that said H. L. Smith may transfer said assets and property" to said parties. This release does not purport to be a release of the corporation, or anyone else, from any obligation under the note in suit, nor a waiver by plaintiff of any rights thereunder. This is the only release in evidence. Reliance is placed upon section 2819 of the Civil Code, which provides that "a guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended." It is not contended that the original obligation was altered in any respect. The consent of plaintiff, as a director of the corporation, to the transfer of the assets of said corporation for the benefit of creditors, did not constitute an act impairing or suspending the remedies or rights of plain-

tiff against the corporation. In this connection appellants rely on the well-established rule that "a payee who voluntarily releases the lien on property which he holds as security for the payment of his note exonerates the guarantor thereon." The note in suit, however, was unsecured. By his consent to the transfer of the corporate assets to a trustee plaintiff neither released any security for his note nor extended the time of payment.

The judgment is affirmed.

Langdon, P. J., and Brittain, J. concurred.