WALTER G. WINNE AND W. DEMAREST CAMPBELL, RE-
CEIVERS OF NATIONAL SURETY COMPANY, PLAIN-
TIFFS-APPELLANTS, v. GEORGE E. MORRISSEY, DE-
FENDANT-RESPONDENT.

Submitted May 13, 1936—Decided October 2, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiffs-appellants, *Harry Silverstein.*

For the defendant-respondent, *Schneider & Schneider* (*Jacob Schneider*).

PER CURIAM.

This is an appeal from a judgment entered in the Essex County Circuit Court in favor of the defendant on an agreed state of facts.

Defendant and another brought suit in attachment in the Supreme Court of New York against one Finch and filed therein a bond with the National Surety Company as surety. In order to procure that bond Morrissey signed the agreement of indemnification hereinafter set forth. On November 12th, 1926, the attachment suit was dismissed for lack of prosecution, and costs were assessed against Morrissey and his co-plaintiff. Suit was brought by the successful defendant in attachment against the National Surety Company in the Municipal Court of the city of New York upon the company's bond, and judgment was obtained on June 18th, 1927, for $747.50, damages and costs. The surety company appealed and the judgment was affirmed on December 22d, 1927. On December 23d, 1927, the surety company paid the

judgment which, with accrued interest and $25 costs allowed on the appeal, then amounted to $794.95. The present suit was instituted on October 7th, 1933, by the receivers of National Surety Company to recover the sum of $1,044.45, that being the amount of the judgment finally charged against it, plus counsel fees and costs incurred by it in and about the suit.

The undertaking by Morrissey to the National Surety Company was as follows, the italics being ours to direct attention to provisions which we consider dispositive:

"That the undersigned will at all times indemnify and keep indemnified the company, and hold and save it harmless from and against any and all demands, liabilities, loss, damage or expense of whatsoever kind or nature, including counsel and attorney's fees, which it shall at any time sustain or incur by reason, or in consequence of having executed the said bond or undertaking; and that whenever any claim or claims shall have been made upon the Company under the said bond or undertaking, if in the judgment of the company it is determined that such claim or claims should be paid, the undersigned covenants, promises and agrees to pay over in cash to the Company upon its demand therefor, the amount or amounts of said claim or claims; and *if the company deny liability concerning any claim or claims and suit or suits be brought against the Company* under said bond or undertaking to recover the amount of said claim or claims, or any other proceeding or proceedings to be taken thereon involving the company, whether the suits and proceedings be against the Principal named in the said bond or undertaking, and the Company jointly, or against the Company alone, the Undersigned covenants and agrees to defend said suits and proceedings to a conclusion at the Undersigned's expense, or to permit the Company, if it so elect, to place the defense of such suits and proceedings in the hands of its own attorneys or counsel, in which latter event the *Undersigned covenants, promises and agrees to pay over to the Company upon its demand such sum or sums of money as may be required to retain said attorneys or counsel, and to defray the expenses of*

*conducting the defense of said suits and proceedings; and further, the Undersigned covenants and agrees to satisfy and discharge any and all judgments recovered against the Company under the said instrument as soon as the same shall be entered or docketed, unless an appeal be taken* and bond or bonds to secure or stay the collection of such judgment or judgments be procured by the Undersigned and filed as required by law, and *if a final judgment be recovered or entered against the Company after the decision of such appeal, the undersigned covenants and agrees to forthwith satisfy and discharge every such final judgment without requiring the company to take any steps whatsoever thereon;* and should judgment be entered against the principal in said bond and the company, or against the company alone, in either event, should the undersigned not procure an appeal to be taken, and furnish bond or bonds to secure, supercede or stay the collection of such judgment, the Company may, if it elect, pay said judgment, whereupon the Undersigned agrees to forthwith repay to the company, the amount of said judgment so paid, together with legal interest thereon from the date of payment to the date of such repayment; that the Undersigned will pay over, reimburse and make good to the company, its successors and assigns, *all sums and amounts of money, not hereinbefore provided for,* which the company or its representatives shall pay, or cause to be paid or become liable to pay under its obligation upon said bond or undertaking, or as charges and expenses of whatsoever kind or nature, including counsel and attorney's fees by reason of the execution thereof, or in connection with any litigation, investigation or other matters connected therewith, such payment to be made to the Company as soon as it shall have become liable therefor, *whether it shall have paid out said sum or any part thereof, or not."*

The question is whether plaintiffs were, on October 7th, 1933, barred of their action by the New Jersey statute of limitations. It is conceivable that a factual situation might have developed such as, in conjunction with defendant's undertaking, to give rise to a cause of action which would

then have been barred. But that does not answer the question. The argument seems to have been waged on whether the undertaking sued upon was intended to indemnify against loss or merely against liability. See *North* v. *Joseph W. North & Son,* 93 *N. J. L.* 438; 108 *Atl. Rep.* 244. The court below credited virtue to the final words of the agreement, considered that the indemnification was against liability, that the liability became definite on the entry of the original judgment, June 18th, 1927, that the cause of action against the defendant then arose and that the statute became a bar six years thereafter. We think that the indemnification agreement clearly anticipated and authorized appeal proceedings and bound the defendant to pay any judgment entered on the appeal as well as to pay the attorney's fees. The liability on that particular undertaking could not arise until the appeal had ended. The appeal was determined on December 22d, 1927, and the judgment was paid on the following day. Payment therefore followed hard upon liability, and the distinction has no bearing upon our question because the instant suit was begun in less than six years after either date.

Judgment reversed.