[Civ. No. 12527. First Dist., Div. Two. Feb. 14, 1944.]

GLOBE INDEMNITY COMPANY, Respondent, v. NEIL E. LARKIN, Appellant.

Paul A. McCarthy for Appellant.

Hartley F. Peart and Sylvester J. McAtee for Respondent.

SPENCE, J.—Plaintiff, having sustained a loss upon two broker's bonds, brought this action against the indemnitors upon certain indemnification agreements given to plaintiff at the time of the issuance of said bonds in 1929 and 1930. The action resulted in judgment in favor of plaintiff and against defendant Neil E. Larkin in the sum of $8,656.11. Said defendant appeals from said judgment.

The sole contention on this appeal is that the action was barred by the statute of limitations (Code Civ. Proc. 337, subd. 1). It is therefore necessary to set forth the pertinent portions of the indemnification agreements and the chronological sequence of events.

The indemnification agreements provided in part that the indemnitors agreed "to indemnify the Company from and against any and all liability, loss, costs, damages, attorneys' fees and expenses, of whatever kind or nature, which the Company may sustain or incur by reason, or in consequence of executing said bond or bonds as surety, . . . and which it may sustain or incur . . . in defending . . . any action, suit or other proceeding which may be brought in connection therewith . . . and obtaining a release from liability under said bond or bonds; and to indemnify the Company to the full amount of liability, loss, costs, damages, attorneys' fees and expenses as aforesaid, regardless of any reinsurance that may be carried on said bond or bonds. . . ."

Upon default by the broker, three persons instituted actions in Placer County in 1932 against the broker and against the plaintiff herein upon its broker's bonds. On March 10,

1932, plaintiff herein advised defendant of the pendency of said actions and of plaintiff's intention to hold defendant "personally responsible for any loss, cost or expense of any nature whatsoever which we may be called upon to incur by reason of our having become surety on these bonds. . . ." The three actions were pending before the Superior Court in Placer County until January 23, 1937, when the parties thereto apparently worked out an agreement of compromise. On that day, the broker dismissed its cross-complaints; a stipulation was filed waiving findings; and judgments were entered in favor of plaintiffs in said three actions for a total sum, including interest and costs, of approximately $11,000. On the same day, plaintiff herein paid the sum of $6,850 in satisfaction of all three judgments and a satisfaction of judgment was entered in each case. Plaintiff herein also paid attorney's fees and costs amounting to $1,806.11 in the defense of said three actions, said attorneys' fees having been paid in September, 1936, and February, 1937. It is apparently conceded that judgment herein was properly entered against defendant for $8,656.11, being the total of the payments made by plaintiff, provided this action was not barred by the statute of limitations. The defense of the statute of limitations was appropriately raised by demurrer and answer in the trial court.

In support of his contention, defendant argues that the agreement provided for indemnity against "liability"; that "liability" was incurred by plaintiff not later than March 10, 1932; that plaintiff could have brought an action against defendant on the indemnity agreement at any time after said date and even prior to the actual payment of any loss (*Easton* v. *Boston Investment Co.*, 51 Cal.App. 246 [196 P. 796]; *Thomas* v. *Layer*, 48 Cal.App. 199 [191 P. 949]), and that as this action was not brought until August 30, 1939, being more than four years after March 10, 1932, the action was barred. In reply, plaintiff argues that the agreement provided for indemnity against "loss" and "damages" as well as against "liability" and that as the action was filed within four years after the loss and damages had been sustained and paid, the action was not barred (*Oaks* v. *Scheifferly*, 74 Cal. 478 [16 P. 252]).

In making these arguments, the parties discuss the authorities which distinguish between an agreement to in-

demnify against liability and an agreement to indemnify against loss or damages. (See *Ramey* v. *Hopkins*, 138 Cal. App. 685, 688 [33 P.2d 443]; 13 Cal.Jur. 987; 24 Cal.L.Rev. 193.) This distinction is recognized in section 2778 of our Civil Code which provides in part: "1. Upon an indemnity against liability, expressly, or in other equivalent terms, the person indemnified is entitled to recover upon becoming liable; 2. Upon an indemnity against claims, or demands, or damages, or costs, expressly, or in other equivalent terms, the person indemnified is not entitled to recover without payment thereof." But *Oaks* v. *Scheifferly*, 74 Cal. 478 [16 P. 252], is the only case in point on the precise question before us and that case fully sustains the contentions of plaintiff. There as here the agreement had a dual aspect in that it purported to indemnify against liability as well as against actual damages suffered through payment of the liability; the action was brought more than four years after the liability had accrued but within four years after payment had been actually made to satisfy the liability; and the action was based upon the covenant to indemnify against such damages rather than upon the covenant to indemnify against liability. Contrary to the claim of defendant here, the court there recognized the dual aspect of the agreement and recognized that an action to recover upon the covenant to indemnify against liability could have been brought at any time after the liability had accrued and even prior to the actual payment of any loss. But the court treated the action, based upon the covenant to indemnify against damages, in the same manner as though such covenant had been contained in an agreement separate and apart from the covenant to indemnify against liability and held that the action to recover upon the covenant to indemnify against damages was not barred.

Defendant states that he "must admit that if it were not for the exceedingly bad reasoning of this case (the Oaks case), it might be taken as decisive of the correctness of the lower court's decision here." While we cannot agree with defendant in his criticism of either the rule or the reasoning in the Oaks case, this court would be bound, in any event, by the decision in that case and we are of the opinion that said decision is decisive of the only point raised on this appeal.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.