[Civ. No. 3558. Fourth Dist. Apr. 11, 1947.]

UNITED STATES CREDIT BUREAU, INC. (a Corporation), Respondent, v. ALVIN O. CLAUS, Appellant.

Edward J. Jose for Appellant.

La Verne M. Hayes and S. Oliver Bletz for Respondent.

MARKS, J.—This is an appeal from a judgment in the sum of $2,566.65 obtained under a contract of indemnity between defendant and Indemnity Insurance Company of North America, the plaintiff's assignor.

In August, 1939, B. I. and Alice Anderson as owners entered into a contract for the construction of a dwelling, garage and water system by defendant as contractor. The Indemnity Insurance Company of North America became surety on the contractor's bond in the sum of $8,000. An indemnity agreement between the surety and the contractor gave the surety the right of immediate action against the contractor for any "loss or liability when . . . paid, adjusted, incurred or assumed . . . whether the same shall have been actually paid or not."

Defendant defaulted on his contract in January, 1940, and the surety then proceeded under its liability on its bond and paid for the completion of the contract. Judgment was given against defendant for two payments made by the surety in completing the building contract. These payments were made on June 26, 1940, and July 30, 1940. Not included in the judgment were two payments made by the surety on March 13, 1940, and a third on August 27, 1940, totaling $265.85. The complaint in this action was filed on April 14, 1944.

The only questions argued here are (1) that the cause of action is barred by subdivision 1 of section 337 of the Code of Civil Procedure, and (2) that the debt was discharged under

an adjudication of bankruptcy made on August 14, 1942, and a discharge of the bankrupt on October 22, 1942.

 Defendant's argument on the bar of the statute of limitations proceeds as follows: That the indemnity was against liability as well as against loss; that liability attached when defendant abandoned his contract in January, 1940, when the action could have been commenced, which was more than four years prior to the time suit was started.

The same arguments were made in the cases of *Oaks* v. *Scheifferly*, 74 Cal. 478 [16 P.252], and *Globe Indemnity Co.* v. *Larkin*, 62 Cal.App.2d 891 [145 P.2d 633], where indemnity contracts similar to the one before us were involved. In the Globe Indemnity case it was said:

"But *Oaks* v. *Scheifferly*, 74 Cal. 478 [16 P. 252], is the only case in point on the precise question before us and that case fully sustains the contentions of plaintiff. There as here the agreement had a dual aspect in that it purported to indemnify against liability as well as against actual damages suffered through payment of the liability; the action was brought more than four years after the liability had accrued but within four years after payment had been actually made to satisfy the liability; and the action was based upon the covenant to indemnify against such damages rather than upon the covenant to indemnify against liability. Contrary to the claim of defendant here, the court there recognized the dual aspect of the agreement and recognized that an action to recover upon the covenant to indemnify against liability could have been brought at any time after the liability had accrued and even prior to the actual payment of any loss. But the court treated the action, based upon the covenant to indemnify against damages, in the same manner as though such covenant had been contained in an agreement separate and apart from the covenant to indemnify against liability and held that the action to recover upon the covenant to indemnify against damages was not barred."

These cases dispose of the contention that the claim here is barred by the statute of limitations and support the finding of the trial court to the effect that there is no such bar here.

 In support of his special defense of the discharge of the indebtedness by the bankruptcy proceedings defendant introduced a certified copy of the order of "Discharge of Bankrupt" in which the following appears: "It is ordered

that the said ALVIN OSCAR CLAUS be, and he hereby is, discharged from all debts and claims which are made provable by said act against his estate, except such debts as are, by said act, excepted from the operation of a discharge in bankruptcy.''

Defendant argues that this evidence raised a prima facie presumption of discharge and that it was necessary for plaintiff to rebut that presumption by competent evidence in order to recover.

Plaintiff introduced in evidence a certified copy of what would appear to be the second page of ''Schedule A-3. Creditors Whose Claims Are Unsecured,'' being part of a schedule filed in the bankruptcy proceeding. No claim of the Indemnity Insurance Company of North America is listed, but the following appears: ''North American Bonding Co.—Obligation upon a Bond, contracts covering Anderson, Country Club Estate, Fresno, May, 1940, . . . above liability upon obligation unknown, but not in excess of $2600.00.''

Defendant argues that this is not sufficient to overcome the presumption raised by the order of discharge because it affirmatively appears that $4,558.40 in claims were listed on page 1 of the schedule which might have included the claim of the Indemnity Insurance Company of North America.

Plaintiff called defendant as a witness under section 2055 of the Code of Civil Procedure. The following is in his testimony:

''Mr. Claus, I will call your attention to the item, $2600.00, listed on the schedule of unsecured creditors' claims, which is 'North American Bonding Co.—Obligation upon a Bond, contracts covering, Anderson, Country Club Estate, Fresno, May, 1940; above liability upon obligation unknown, but not in excess of $2600.00.' Now, referring to that item, did you have in mind the item represented by the obligation sued upon in this action? . . . . That is the obligation you had in mind, is it not? A. That is right.''

This sufficiently identified the claim listed as that of the North American Bonding Company as the claim on which this action is brought, but listed under a wrong name.

In *Van Denburgh* v. *Goodfellow*, 19 Cal.2d 217 [120 P.2d 20], it is said:

''Section 25 (8) (11 U.S.C.A., Sec. 25 (8)) of the Bankruptcy Act requires a voluntary bankrupt to file with his petition 'a list of his creditors, showing their residences, if known,

if unknown, that fact to be stated.' The penalty for failure to schedule a debt properly is stated in section 35 of the act: 'A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy. . . .' ''

Defendant argues that the Indemnity Insurance Company of North America had actual notice of the bankruptcy proceedings in time for proof and allowance of its claim so that the erroneous listing cannot aid it here.

The record does not bear out this assertion. Ralph Andrews was the Fresno agent of the Indemnity Insurance Company of North America and took the application for the bond in question here. He ceased to be such agent either on May 31st, or June 1st, 1942, and was not thereafter connected with the company. Mr. Claus testified over objection of plaintiff that about a month prior to the trial of this action on May 6, 1946, he had a conversation with Mr. Andrews who said he had notified the Indemnity Insurance Company of North America of the pendency of the bankrupt proceedings; that this statement was repeated over the telephone by Mr. Andrews a few weeks later. That the objection to this line of testimony should have been sustained is obvious. Mr. Andrews had no recollection of such conversations or of notifying that company of the pendency of the bankruptcy proceedings. This evidence would not have supported a finding of actual notice had one been made. The case of *Van Denburgh* v. *Goodfellow, supra,* is authority supporting this conclusion.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied May 7, 1947.