JONES *v.* BOZEMAN *et al.*

(*Knoxville,* September Term, 1953.)

Opinion filed July 23, 1954.

EARL S. AILOR and THURMAN AILOR, both of Knoxville, for complainant.

HODGES & DOUGHTY, of Knoxville, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The complainant Jones filed his bill in the Chancery Court of Knox County against Bozeman and Merritt and the United States Fidelity and Guaranty Company, seeking to recover on an indemnity bond given to Jones, a former Sheriff of Knox County. There was a plea of the statute of limitations of one year to the bill, which was overruled by the Chancellor.

According to the statements of the bill, Bozeman and Merritt were former Deputy Sheriffs under Jones, and as such were involved in an automobile accident, which in turn brought liability on the Sheriff for upwards of $30,000. It is not necessary to set out the details of this accident here. The Sheriff had taken these indemnity bonds from his deputies, and this is the subject matter of the suit in controversy.

It was insisted by the plea in bar of the one year statute, Code, Sec. 8595, that this cause of action arises out of tort and is barred, while it is insisted by complainant Jones that the six year statute, Code, Sec. 8600, applies.

The provisions of the one year statute relied upon by the defendants are as follows:

"Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, and statutory penalties, within one year after cause of action accrued." Code, Sec. 8595.

On the other hand, the complainant insists that the provisions of Section 8600 of the Code apply:

"Actions for the use and occupation of land and for rent; actions against the sureties of guardians, executors and administrators, sheriffs, clerks, and other public officers, for non-feasance, misfeasance, and malfeasance in office; actions on contracts not otherwise expressly provided for shall be commenced within six years after the cause of action accrued."

The defendants in support of their plea rely upon our recent case of *State* v. *Head*, 194 Tenn. 576, 253 S. W. (2d) 756. In that case the action was brought some four years after the cause of action accrued, and the court held that plaintiff's cause of action was barred by the one year statute even though he sued the surety on the Sheriff's bond. The Head case was a suit for personal injuries against the Sheriff and his surety, while in the present case the suit is upon an indemnity bond. The complainant here does not sue for a tort committed against him, as he has suffered no personal injuries of any nature. The one year statute would apply in suits brought against the complainant for the commission of torts committed by his deputies. The complainant was made liable by reason of the judgments returned against him, according to the statements of the bill, and having paid these judgments is entitled to maintain his bill on the contract of indemnity even though the one year has elapsed from the time the cause of action accrued in the tort action.

A reading of the opinion in the Head case will disclose that all of the authorities cited by the court in support of its conclusions dealt with suits by parties suffering personal injuries to recover damages by reason of said

injuries, and not on a written contract, as is the case here.

So then, we are of the opinion that the holding in *State v. Head,* has no application in this case.

The present case is not only based on a contract, but is founded solely on the contract and its breach, and it is in the form of an action on the contract, presenting all of the incidents of an action *ex contractu, Winnie* v. *Morrissey,* 14 N. J. Misc. 771, 187 A. 36, and *Globe Indemnity Co.* v. *Larkin,* 62 Cal. App. (2d) 891, 145 P. (2d) 633.

It results that we find no error in the decree of the Chancellor and it is affirmed.