## SCOTT v. CALIFORNIA.

No. 241, Misc.  Decided December 5, 1960.

*Morris Lavine* for appellant.

*Stanley Mosk,* Attorney General of California, *William E. James,* Assistant Attorney General, *William B. McKesson* and *Lewis Watnick* for appellee.

PER CURIAM.

The motion to dismiss is granted and the appeal is dismissed.  Treating the papers whereon the appeal was taken as a petition for certiorari, certiorari is denied.

MR. JUSTICE DOUGLAS, dissenting.

The salient facts in this case are related in 176 Cal. App. 2d 458, 1 Cal. Rptr. 600.  A reading of the report shows that the entire evidence against the defendant was circumstantial.  It was not even shown directly that his wife, whom he is now convicted of murdering, is dead.  Proof of the *corpus delicti,* as well as proof of petitioner's criminal

agency, was to be inferred from his wife's inexplicable disappearance coupled with his unnatural behavior thereafter. A prominent aspect of this unnatural behavior was his silence. At the trial, the petitioner did not take the stand. The trial judge in accord with California law charged the jury as follows:

"It is a constitutional right of a defendant in a criminal trial that he may not be compelled to testify. Thus, whether or not he does testify rests entirely in his own decision. As to any evidence or facts against him which the defendant can reasonably be expected to deny or explain because of facts within his knowledge, *if he does not testify, the jury may take that fact into consideration* as tending to indicate the truth of such evidence and *as indicating that among the inferences that may be reasonably drawn therefrom those unfavorable to the defendant are the more probable.* The failure of a defendant to deny or explain evidence against him does not, however, create a presumption of guilt or by itself warrant an inference of guilt, nor does it relieve the prosecution of its burden of proving every essential element of the crime and the guilt of the defendant beyond a reasonable doubt." (Italics added.)

Using a defendant's silence as evidence against him is one way of having him testify against himself. This would not be permitted, we have assumed, in a federal trial by reason of the Fifth Amendment. *Adamson* v. *California,* 332 U. S. 46, 50. That rule, embodied in a federal statute, has much history behind it. See *Wilson* v. *United States,* 149 U. S. 60. Its value in protecting the interests of an accused was well stated in *Bruno* v. *United States,* 308 U. S. 287, 294, where we said:

"To the suggestion that it benefits a defendant who fails to take the stand not to have the attention of

the jury directed to that fact, it suffices to say that, however difficult it may be to exercise enlightened self-interest, the accused should be allowed to make his own choice when an Act of Congress authorizes him to choose. And when it is urged that it is a psychological impossibility not to have a presumption arise in the minds of jurors against an accused who fails to testify, the short answer is that Congress legislated on a contrary assumption and not without support in experience. It was for Congress to decide whether what it deemed legally significant was psychologically futile. Certainly, despite the vast accumulation of psychological data, we have not yet attained that certitude about the human mind which would justify us in disregarding the will of Congress by a dogmatic assumption that jurors, if properly admonished, neither could nor would heed the instructions of the trial court that the failure of an accused to be a witness in his own cause 'shall not create any presumption against him.' "

And see *Johnson* v. *United States,* 318 U. S. 189, 199.

The Court in 1947 held that the Fourteenth Amendment by its Due Process Clause did not incorporate the Fifth Amendment (*Adamson* v. *California, supra*), with the result that the failure of a defendant to testify could be taken as evidence against him. I dissented in that case and continue to believe it was wrong. The present case shows how utterly devastating the state rule which it sanctions can be. I would accordingly note probable jurisdiction.