[Civ. No. 10292. Third Dist. Feb. 5, 1962.]

ROBERT S. BRYANT, INC., Plaintiff and Respondent, v. FRED W. TABER et al., Defendants and Appellants.

Fred W. Taber and Helen Faye Taber, in pro. per., for Defendants and Appellants.

Pickering & Marler for Plaintiff and Respondent.

PIERCE, J.—In this action, pleaded under the common counts for services rendered by plaintiff to defendants in repairing defendants' residence following a fire loss, judgment was for the plaintiff.

Defendants, appearing in propria persona, have appealed *on the judgment roll.*

The allegations of the complaint were found to be true by the trial court. These findings were within the issues and

support the judgment. ▮▮▮ Since the record does not contain the evidence presented at the trial, it must be presumed conclusively that the findings are supported by the evidence. (*Kubon* v. *Kubon,* 51 Cal.2d 229, 232 [331 P.2d 636].) The presumption cannot be rebutted by anything contained in the exhibits which have been transmitted to this court. (*Hunt* v. *Plavsa,* 103 Cal.App.2d 222, 224 [229 P.2d 482] ; *Tibbets* v. *Robb,* 158 Cal.App.2d 330, 337 [322 P.2d 585].) Defendants-appellants, being laymen, unfortunately do not recognize the rules which circumscribe an appellate court's inquiry on a judgment roll appeal.

Clutching confidently to the mistaken notion that we can not only consider and accept, but reweigh, their version of the evidence which was before the trial court, they make an earnest argument that they have been wronged. Principally, their ire is directed against an insurer who is not a party to the proceedings.

We doubt that appellants will ever understand why it is necessary for us to treat their appeal thus summarily and we experience a sense of frustrating inadequacy in our inability even to find common media of expression, if not a common plane of understanding, with these people.

No reversible error appears on the face of the record and the judgment is affirmed.

Peek, P. J., and Schottky, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 3, 1962.