[Civ. No. 20020.   First Dist., Div. Two.   Apr. 12, 1962.]

ELEANOR O'CALLAGHAN, as Executrix, etc., Plaintiff and Appellant, v. SOUTHERN PACIFIC COMPANY, Defendant and Respondent.

Nichols, Williams, Morgan & Digardi and Edward M. Digardi for Plaintiff and Appellant.

R. Mitchell S. Boyd, Desmond G. Kelly and Dunne, Dunne & Phelps for Defendant and Respondent.

SHOEMAKER, J.—Plaintiff Eleanor O'Callaghan appeals from the trial court's order permitting a setoff against the judgment in her favor.

The record on appeal consists only of a partial clerk's transcript, including the judgment roll in the main action and all papers, documents and orders filed subsequent to the judgment. On such an appeal, no portion of the oral proceedings may be considered and the court limits its review to those facts set forth in the findings. (*Estate of Larson* (1949) 92 Cal.App.2d 267, 269 [206 P.2d 852].) It must be conclusively presumed that these findings are adequately supported by the

evidence. (*Kubon* v. *Kubon* (1958) 51 Cal.2d 229, 232 [331 P.2d 636].)

The record shows that on February 18, 1959, Clyde O'Callaghan filed a complaint under the Federal Employers' Liability Act to recover for injuries sustained during the course of his employment with defendant Southern Pacific Company.[1] Approximately a year after the commencement of this action, Clyde O'Callaghan died, and on April 14, 1960, his widow, Eleanor O'Callaghan, was appointed executrix of his last will and testament. On April 27, 1960, the trial court ordered her substituted as party plaintiff in place of her deceased husband. She then filed an amended complaint setting forth two counts against the defendant. By the first count plaintiff sought recovery for the personal injuries sustained by the deceased, and by the second count she sought recovery for his wrongful death, alleging that he had taken his own life as a direct and proximate result of his accident. Both counts were brought pursuant to the Federal Employers' Liability Act.

After a trial by jury, verdict and judgment were for defendant in the wrongful death action. In the personal injury action, plaintiff recovered judgment against defendant in the amount of $25,000.

Following the entry of judgment, defendant moved the court for an order permitting it to satisfy the lien of the Railroad Retirement Board asserted against the judgment in the sum of $798, and to setoff against the judgment the sum of $1,250, advances made decedent pursuant to vouchers which provided for a lien against any settlement or judgment growing out of the accident.

On February 27, 1961, the motion was first presented. Further hearing was continued to and the matter was concluded on March 21, 1961. On March 22, 1961, the trial court made and entered its order permitting defendant to satisfy and deduct from the judgment the said sums.

Plaintiff's appeal is from the order "permitting a setoff of One Thousand Two Hundred Fifty Dollars ($1,250.00) against the judgment in favor of plaintiff. . . ." In her opening brief, however, appellant appears to be contending that the trial court's order must be reversed in its entirety. The scope of an appeal cannot be broadened in such

---

[1] For purposes of clarity, this statement of facts makes no reference to the additional defendant, Encinal Terminals, whose rights have no bearing upon this appeal.

a manner. ▆ However, even were the question of the allowance of the lien of the Railroad Retirement Board before us, any attack thereon must necessarily fail for we note that the trial court's order sets forth that at the hearing held on February 27, 1961, "it was stipulated by counsel for plaintiff that defendant Southern Pacific Company might satisfy the lien of the Railroad Retirement Board of the United States of America against the judgment herein and might deduct the amount of said lien from the amount to be paid to plaintiff by Southern Pacific Company in satisfaction of the judgment herein." We accept this stipulation and the finding based thereon as true, for the appellant may not attack the trial court's finding after electing to appeal solely upon the clerk's transcript. Even if we assume that no reporter was present at the February 27 hearing, appellant could still have sought a review of the oral proceedings by way of an agreed or settled statement. ▆ In *Steele* v. *Steele* (1955) 132 Cal.App.2d 301, 303-304 [282 P.2d 171], it is said: " 'It has been uniformly held . . . the court may not adopt findings in conflict with stipulated facts.' " The trial court was not only correct in allowing a setoff as to the Railroad Retirement Board lien, but indeed was under a duty to do so.

Appellant urges four grounds for reversal of the order allowing a setoff of $1,250 for the sums advanced by respondent to the decedent, the first being that the evidence was insufficient to support the trial court's finding that respondent did in fact make advances to the decedent in the amount of $1,250. Again appellant is attempting to argue an evidentiary point without the aid of any record of the oral proceedings. ▆ Having elected to supply this court with no settled statement or other record indicating what transpired at the hearing, appellant is bound by the presumption that there was adequate evidentiary support for the trial court's finding.

Appellant's remaining three grounds for reversal appear to raise questions of law which this court may properly resolve by reference to the clerk's transcript alone. (See *Watson* v. *Aced* (1957) 156 Cal.App.2d 87, 91 [319 P.2d 83], where the court restated the rule that an appellate court may properly determine from the clerk's transcript whether the judgment of the lower court is supported by its findings.)

Appellant first argues that respondent's failure to file a claim with the decedent's estate barred it from seeking equitable setoff against the judgment. This contention is based on Probate Code, sections 707 and 716, which provide that no

holder of a contractual claim against an estate shall maintain an action thereon, unless the claim is first filed with the clerk or presented to the executor or administrator of the estate.

Although this argument would at first glance appear to be a valid one, it must be noted that the Probate Code sections above cited operate solely to bar claims which are asserted against the assets of a decedent's estate. The rule is well established that a personal representative who brings suit under the Federal Employers' Liability Act to recover for injuries sustained by the decedent is suing not on behalf of the decedent's estate but on behalf of the beneficiaries specifically designated in the federal act. The amount recovered by the personal representative in such an action does not become a part of the decedent's estate nor does it become subject to his general debts or pass to his legatees, if they be other than those persons named in the federal statute. In *Frabutt* v. *New York, Chicago & St. Louis R. Co.* (W.D. Penn. 1949) 84 F.Supp. 460, 463-464, the court stated: ''It is provided by the Federal Employers' Liability Act . . . that any rights of action given by the Act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow and husband and children of such employee, but in such cases there shall be only one recovery for the same injury. . . .

''Any amount recovered for death under the Act does not become part of the general assets of the decedent's estate and is not subject to decedent's debts, and is not to be distributed under any statute of descent and distribution.'' The courts have also held that if no relative specified in the federal act survives the decedent, then no right of recovery is given by the act to his personal representative. (*Thomas* v. *Chicago & N. W. Ry. Co.* (N.D. Iowa 1913) 202 F. 766, 770; *Hogan* v. *New York Cent. & H. R. R. Co.* (2d Cir. 1915) 223 F. 890, 892 [139 C.C.A. 328].)

In view of these authorities, respondent's right to a setoff against this judgment is in no way dependent upon filing a claim against the estate. The executrix, as plaintiff, did not recover this judgment on behalf of the estate. It did not become an asset thereof, and its proceeds are not subject to administration in probate; hence, the filing of the claim is unnecessary.

Appellant's next contention is that respondent was compelled to urge its right to setoff by way of counterclaim in the main action, in accordance with Code of Civil Procedure,

section 439. Such an argument must fail for the simple reason that respondent had no right to setoff until the judgment in favor of appellant was rendered by the lower court. The vouchers which the decedent signed in return for the $1,250 advanced by respondent all contain the following provision: "Received of Southern Pacific Company_____Dollars which shall constitute a lien and be deducted from or offset against any settlement that may be made with me by Southern Pacific Company or any judgment that may be obtained by me or my heirs or personal representative against Southern Pacific Company. . . ." It is apparent from the wording of these vouchers that the lien which respondent asserted by way of setoff came into existence only after appellant was successful in her prosecution of the main action. ▆▆▆ Since the vouchers contained no promise to repay the advances except out of the proceeds of a judgment or settlement, a counterclaim filed prior to judgment in the main action would have been subject to demurrer for failure to state an existing cause of action. ▆▆▆ (See *Baker* v. *Littman* (1956) 138 Cal.App.2d 510 [292 P.2d 595], wherein the court states: "Under the requirements of section 438, Code of Civil Procedure, a counterclaim may not be set up unless it constitutes an existing cause of action, the test being whether the defendant is able to maintain an independent action on the demand asserted as a counterclaim. (*Cuneo* v. *Lawson*, 203 Cal. 190, 196 [263 P. 530]; *McClendon* v. *Heisinger,* 42 Cal.App. 780, 783 [184 P. 52].) Appellants' argument is thus without merit because no cause of action for malicious prosecution based on the filing of respondent's action then existed, nor does it now exist, nor can it possibly accrue until respondent's present action terminates in their favor. Therefore, the court's action in dismissing these so-called counterclaims was correct." (Pp. 514-515.) The same reasoning applies to our case. ▆▆▆ Furthermore, the right to seek equitable setoff after the entry of judgment has long been recognized by the California courts. ▆▆▆ In *Harrison* v. *Adams* (1942) 20 Cal.2d 646, 648-649 [128 P.2d 9], the court stated: "[I]t is well settled that a court of equity will compel a set-off when mutual demands are held under such circumstances that one of them should be applied against the other and only the balance recovered. ▆▆▆ . . . And a judgment debtor who has, by assignment or otherwise, become the owner of a judgment or claim against his judgment creditor, may go into the court in which the judgment against him was rendered and

have his judgment offset against the first judgment. . . . The fact that the demand of the plaintiff has not been reduced to judgment is no obstacle to its allowance as a set-off against a judgment.''

Appellant's final contention is that the decedent's act of executing the vouchers in favor of respondent ought not to limit the amount of recovery available to the decedent's beneficiaries, upon whom the Federal Employers' Liability Act has conferred an independent cause of action. Appellant argues that, as the decedent's personal representative, she brought suit not on behalf of the decedent's estate but on behalf of the beneficiaries specified in the federal act, hence the judgment in her favor should not be subject to debts incurred by the decedent. This contention was rejected by the United States Supreme Court in *Mellon* v. *Goodyear* (1928) 277 U.S. 335 [48 S.Ct. 541, 72 L.Ed. 906]. In that case, a decedent's administratrix brought a Federal Employers' Liability Act suit in a state court to recover for the decedent's personal injuries and for his wrongful death. ▮▮▮ The decedent, prior to his death, had executed a settlement and general release in favor of his employer, expressly waiving any action which he, or his personal representative in the event of his death, might be entitled to bring. The trial court instructed the jury that the cause of action which the Federal Employers' Liability Act had conferred upon the decedent's personal representative accrued solely for the benefit of the named beneficiaries. The decedent in his life-time would have no control over it and '' 'could not release it by any act on his part.' '' (P. 338.) The judgment in favor of the administratrix was reversed by the Supreme Court on the ground that the release, executed by the decedent in good faith, constituted a bar to any action by his personal representative arising out of his injuries and subsequent death. In so holding, the court stated that the foundation of the right of action was the original wrongful injury to the decedent. The personal representative's cause of action was dependent upon the existence of a right in the decedent immediately before his death to have maintained an action for his wrongful injury. Where the decedent, although possessing such a right, compromises and extinguishes his cause of action, he no longer has any right which may pass to his personal representative.

▮▮▮ If a decedent may thus extinguish in its entirety any right of action passing to his administrator, it is axiomatic that he could also reduce it *pro tanto* by accepting ad-

vances from his employer and agreeing that the sums received should be offset against any judgment which he or his personal representative might ultimately obtain. Appellant does not now contend that the vouchers executed by the decedent were not given voluntarily and in good faith. In the absence of any record of the oral proceedings below, it must be assumed that there was ample evidence to support the trial court's implied finding that they were executed under circumstances which were entirely proper.

Order affirmed.

Kaufman, P. J., and Agee, J., concurred.