[Civ. No. 26799. Second Dist., Div. One. Dec. 2, 1963.]

CITIZENS NATIONAL TRUST & SAVINGS BANK OF LOS ANGELES, as Trustee, etc., Plaintiff and Respondent, v. LEONARD EWING SCOTT, Defendant and Appellant.

Leonard Ewing Scott, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment entered after a trial by the court sitting without a jury wherein it was adjudged that appellant "has no right, title or interest in the sum of $6,125.82, now held by Bank of America National Trust and Savings Association in a purported joint tenancy bank account standing in the names of L. E. Scott or Evelyn T. Scott at its branch at Van Nuys, California.

"That plaintiff have and recover of and from defendant Bank of America National Trust and Savings Association, the sum of $6,125.82."[1]

Appellant prosecutes the within appeal on the clerk's transcript. No reporter's transcript or substitute therefor has been provided.

The gist of appellant's first contention is that there is insufficient evidence to support the trial court's findings of fact. This contention has no merit. ■ It is fairly well established that where an appeal is taken on the clerk's transcript and no reporter's transcript or substitute therefor is furnished, the recitals in the judgment and in the findings of fact are deemed to be true and are binding upon the appellate court. (See *Agnew* v. *Contractors Safety Assn.*, 216 Cal.App.2d 154, 163 [30 Cal.Rptr. 690]; *Berg* v. *Investors Real Estate Loan Co.*, 207 Cal.App.2d 808, 813 [24 Cal.Rptr. 701]; *O'Callaghan* v. *Southern Pac. Co.*, 202 Cal.App.2d 364, 368 [20 Cal.Rptr. 708]; *Robert S. Bryant, Inc.* v. *Taber*, 199 Cal.App.2d 884, 885 [19 Cal.Rptr. 150]; *Chapin* v. *Gritton*, 178 Cal.App.2d 551, 569 [3 Cal.Rptr. 250]; *Seay* v. *Allen*, 134 Cal.App.2d 440, 444 [286 P.2d 392].) Under the circumstances, no useful purpose would be served in setting forth the court's findings of fact.

Appellant's second contention is that the trial court was divested of jurisdiction during the period of time when appellant was seeking a hearing in the Supreme Court after the District Court of Appeal had refused to issue a writ of prohibition. This contention is without merit. ■ As stated

---

[1]A stipulation was entered into between the plaintiff and the defendant Bank of America NT&SA, which provided in part: "That judgment in the within action may be entered in favor of the plaintiff and against the defendant Bank of America National Trust and Savings Association in the amount of $6,125.82 provided, however, that this judgment shall not be entered in the within action unless and until a judgment is entered in favor of the plaintiff and against L. Ewing Scott determining that said L. Ewing Scott has no interest in the funds claimed by Citizens National Bank against Bank of America National Trust and Savings Association in this action."

in 40 California Jurisprudence 2d, Prohibition, section 93, at page 275: "An appeal from an order denying prohibition does not restrain the proceedings complained of pending the appeal. . . ."

In this case the respondent bank was served with a copy of appellant's brief. No brief was filed by the respondent bank within the time provided by the rules on appeal. A notice under rule *17(b) of the California Rules of Court was served on the respondent bank by the clerk of this court. In spite of such notice the respondent bank did not see fit to make any appearance nor in any manner to assist this court and as a consequence it has been necessary for us independently to research the various claims and assertions and representations of the appellant. Such a course of conduct upon the part of any litigant, particularly a national banking institution which is acting in the capacity of a trustee is not commendable and is looked upon with disfavor. The procedure followed by the bank demonstrates a woeful lack of interest and a dereliction of duty in the handling of the affairs of a trust.

But for the peculiar and particular facts and circumstances which go to make up the background of this case of which we necessarily are advised (see *People* v. *Scott,* 176 Cal.App. 2d 458 [1 Cal.Rptr. 600]; *Scott* v. *State of California,* 364 U.S. 471 [81 S.Ct. 245, 5 L.Ed.2d 222]; *Estate of Scott,* 181 Cal.App.2d 605 [5 Cal.Rptr. 393]; *Estate of Scott,* 150 Cal. App.2d 590 [310 P.2d 46]), we might well have said as did Justice McComb in *Berry* v. *Ryan,* 97 Cal.App.2d 492, 493 [217 P.2d 1015]; namely:

"Since respondent has not filed a brief we assume that (1) the facts as stated in appellant's brief are true, (2) the evidence is insufficient to support material findings of fact of the trial court, and (3) respondent has abandoned any attempt to support the judgment, and that the ground urged by appellant for reversing the judgment is meritorious. (*Postin* v. *Griggs,* 66 Cal.App.2d 147, 148 [151 P.2d 887]; *Zeigler* v. *Bonnell,* 52 Cal.App.2d 217, 218 [126 P.2d 118]; *Bendlage* v. *Kohlsaat,* 54 Cal.App.2d 136, 139 et seq. [128 P.2d 691]. Cf., *Lawrence* v. *Johnson,* 131 Cal. 175, 177 [63 P. 176].)

"Applying the foregoing rule it is evident that if material findings of the trial court are not supported by the evidence the judgment should be reversed."

---

*Formerly Rules on Appeal, rule 17(b).

See also *Richter* v. *Fresno Canal & Irrigation Co.*, 101 Cal. 582 [36 P. 96]; *Davis* v. *Hart*, 103 Cal. 530 [37 P. 485]; *Bullock* v. *Bullock*, 29 Cal.App. 463 [155 P. 1009]; *Baldwin* v. *Baldwin*, 67 Cal.App.2d 175, 176 [153 P.2d 567]; *Weinfeld* v. *Weinfeld*, 159 Cal.App.2d 608, 612 [324 P.2d 342].

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.