COLE, P. J.
I concur in the result reached by the majority. That result is not only correct, it is compelled as to appellant Wilshire Insurance Company (Wilshire) by decision of the Court of Appeal and by our oaths of office. We would be exceeding our jurisdiction were we to hold in a different manner. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) The Court of Appeal has decided the identical question in an appeal arising out of the identical and underlying criminal matter. It is most curious, however, that out of undue deference to that legal teratism, rule 977 of the California Rules of Court, you could never tell from the majority opinion that the question was not an open one.
The undisclosed facts are these: The bail bond at issue here was in the amount of $3,500. It was issued, as part of a total bail of $10,000, to secure the appearance of one Oscar Onsurez, a defendant in criminal action No. 186326 in the Los Angeles Superior Court. The balance of the bail, $6,500, was posted by Surety Insurance Company (Surety). On February 27, 1975, the $10,000 bail was forfeited. Both Wilshire, appellant here, and Surety moved to vacate the forfeiture, and upon denial of their motion, appealed on January 24, 1977. That appeal was not decided until December 19, 1977, when the Court of Appeal, in a published opinion, affirmed the order denying the motion to vacate the forfeiture. (People v. Surety Ins. Co. (1977) 76 Cal.App.3d 57 [143 Cal.Rptr. 47].)
In the meantime, and while that appeal was pending, summary judgments were entered against the bonding companies. At the time of the summary judgments, each entered in 1977, Penal Code section 1306 provided that jurisdiction to enter the judgment depended upon whether the amount of the bond was within the civil jurisdiction of the court to render judgment in an action arising upon a contract of similar nature and amount.[1] Accordingly, since at that time the municipal court had *Supp. 5 jurisdiction of amounts up to $5,000, the summary judgment against appellant Wilshire was entered in the municipal court and this appeal to this court followed. But the amount of Surety’s bond, $6,500, fell within the jurisdiction of the superior court. Surety, represented by the same counsel as represents Wilshire on this appeal, appealed to the Court of Appeal. The ground of appeal, in each case, was that the trial courts had no jurisdiction to enter the summary judgments while the prior appeal (which resulted in the published opinion in People v. Surety Ins. Co., supra) was pending. The County of Los Angeles was respondent in both the appeal to the Court of Appeal and the appeal to this court.
This court initially decided this matter on June 7, 1978. Appellants petitioned for rehearing or for certification by us to the Court of Appeal, pointing out the possibility that conflicting results might occur if the Court of Appeal reached a different conclusion than we had reached. We granted rehearing, denied certification, and entered an order stating that “[fjurther decision and consideration of this matter is deferred pending final decision in County of Los Angeles v. Surety Insurance Company, 2nd Civ. 53448.” We ordered counsel for appellant to furnish us with a copy of any final decision of the Court of Appeal.
Counsel has done so. That opinion was filed July 2, 1979, but was not certified for publication in the official reports. It reached a result entirely consistent with that now adopted by this court as to Wilshire. (No individual agent, such as appellant Herman was involved in the Court of Appeal opinion.) Under these circumstances, a fair reading of rule 977 of the California Rules of Court surely allows citation to the unpublished opinion. To hold otherwise leaves us in the Orwellian situation where the Court of Appeal opinion binds us, under Auto Equity Sales, Inc. v. Superior Court, supra, 57 Cal.2d 450,[2] but we cannot tell anyone about it. Such a rule of law is intolerable in a society whose governmental decisions are supposed to be free and open and whose legal system is founded on principles of the common law (Civ. Code, § 22.2) with its elementary reliance on the doctrine of stare decisis.
*Supp. 6 Rule 977 states that an unpublished opinion of a Court of Appeal “shall not be cited by a court or by a party in any other action or proceeding except when the opinion is relevant under the doctrines of the law of the case, res judicata or collateral estoppel, or in a criminal action or proceeding involving the same defendant...” (Italics added.)
This surely is not another action or proceeding within the meaning of the rule. Given the history of the Onsurez case, this is the same proceeding. The appeals are technically separate, as were the summary judgments, but all common sense cries out that the rule should not apply here.
For this reason I concur in the result reached by my colleagues as to Wilshire and in the opinion and result as to appellant Herman.

In 1977, effective January 1, 1978, the Legislature amended section 1306 of the Penal Code to vest jurisdiction to enter summary judgment in the court which has declared the forfeiture, regardless of the amount of the bail. Thus the specter of appeals to different courts from the same underlying case, with the possibility of conflicting results, is no longer a worry.

In Auto Equity, the Supreme Court said at pages 455-456: “Under the doctrine of stare decisis, all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction. Otherwise, the doctrine of stare decisis makes no sense. The decisions of this court are binding upon and must be followed by all the state courts of California. Decisions of every division of the District Courts of Appeal are binding upon all the justice and municipal courts and upon all the superior courts *Supp. 6 of this state, and this is so whether or not the superior court is acting as a trial or appellate court. Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court. (People v. McGuire, 45 Cal. 56, 57-58; Latham v. Santa Clara County Hospital, 104 Cal.App.2d 336, 340 [231 P.2d 513]; Globe Indemnity Co. v. Larkin, 62 Cal.App.2d 891, 894 [145 P.2d 633].)
“This rule requiring a court exercising inferior jurisdiction to follow the decisions of a court exercising a higher jurisdiction has particular application to the appellate departments of the superior court. Until very recently, the decisions of those courts were not subject to appellate review except by the use of original writs in exceptional cases. Even under the recent constitutional amendment (Cal. Const., art. VI, § 4e), which is not here applicable, the right of review is strictly limited (Code Civ. Proc., § 988t; Pen. Code, § 1471). It would create chaos in our legal system if these courts were not bound by higher court decisions.”